The People of the State of New York ex rel. Fred Schumaker, Relator, *v.* Joseph H. Brophy, Warden of Auburn State Prison, Auburn, New York, Respondent.

Supreme Court, Cayuga County, March 29, 1933.

*Leo T. Minton* [*William Clay* of counsel], for the relator.

*John J. Bennett, Jr., Attorney-General* [*Edward T. Boyle* of counsel], for the respondent.

Kenyon, J. This matter comes before the court upon a writ of habeas corpus allowed May 31, 1932. The relator, Fred Schumaker, was received at Auburn Prison January 19, 1932, under a sentence for the crime of sodomy committed upon a young boy. The sentence was that he be confined in the State Prison at Auburn, N. Y., the maximum to be twenty years, and the minimum not less than ten years.

The relator claims that he was illegally sentenced on January 16, 1932, to said prison under and by virtue of the provisions of section 935 of the Code of Criminal Procedure of the State of New York, in that at the time of the imposition of said sentence the County Court of Monroe county was without jurisdiction to sentence the petitioner; that prior thereto the petitioner had been paroled and that he had not violated the terms of the probation imposed upon him at the time of his original sentence; that on the 16th day of January, 1932, he was refused an opportunity to be heard in his defense.

Considerable testimony was taken before this court. The parties, by stipulation, also submitted an affidavit made by William C. Kohlmetz, Monroe county judge. From it we learn that the transaction involved in the indictment upon which the relator

was sentenced was one of many of a similar kind practiced upon boys of tender years.

On the 22d day of July, 1931, on the relator's plea of guilty, the county judge imposed a sentence of not less than ten years and not more than twenty years in the State Prison at Auburn, N. Y., but suspended the execution of the judgment and placed the defendant on probation for five years. In addition to the usual terms and conditions of the probation, an additional condition was imposed to the effect " that defendant should refrain from associating with young boys in any manner whatsoever." (Code Crim. Proc. § 932.) The court at that time took pains to make it clear, not only to him, but to the members of his family and his attorney, that if he did associate with a young boy in any way it would constitute a violation of the conditions and terms of his probation.

This term or condition in his parole was not only legal and permissible, but it was wise and just and entirely reasonable under the circumstances. It was not in any way oppressive.

Reflection brings to the mind of this court no excuse for its being violated. It was not burdensome.

After the relator was placed on probation, a report, proper in form, coming through John Vaisey, the probation officer in whose charge the relator was placed, was made to the court to the effect that Schumaker had taken a boy by the name of Anderson, thirteen years of age (taken from the affidavit of his mother), in the night time and alone, in an automobile from Canandaigua to Syracuse to attend a basket ball game. The report further showed that Schumaker's conversation with the Anderson boy was practically the same as his conversations with numerous other boys prior to his commission of acts upon them. The county judge of Monroe county properly issued a warrant for the relator's arrest for violation of his parole and on the 16th day of January, 1932, he was again arraigned before William C. Kohlmetz, county judge of Monroe county. Judge Kohlmetz's version of what took place at that time appears as follows: " When he was brought before me, I said to him, ' Mr. Schumaker, you are brought before us this morning on a charge of violating the terms and conditions of your probation. What have you to say, did you violate your probation or did you not? The report comes to me that you took a boy fourteen years old with you in an automobile from Canandaigua to Syracuse. Is this true or not? ' He said, ' I took the Anderson boy with me in an automobile from Canandaigua to Syracuse, but I did not do anything to him and no harm was done.' I said, ' You will remember, Mr. Schumaker, that one of the terms of your probation, which I insisted on very strenuously, was that you refrain absolutely

from associating with young boys and that I carefully explained to you at that time, that if you did so, it would constitute a violation of your probation?' He said, 'Yes, but I did the boy no harm whatever.' I said, 'Mr. Schumaker, from your own statement, you have violated your probation and my duty in this case is clear. It is the order of the court that the suspension of the execution of the judgment imposed on you on July 22, 1931, be revoked and it is now the order of the court that this defendant be committed to the State Prison at Auburn, New York, for a term of not less than ten years and not more than twenty years.' "

The relator's whole theory and that of the witnesses who were sworn upon the hearing before this court has been that there was no violation of this parole " because he did not do anything to the Anderson boy." The court is of the opinion that it was not necessary for him to do anything to the Anderson boy in order to violate his parole. The condition in his probation that he should not associate with young boys was reasonable, proper, wise, not burdensome and could easily have been obeyed. The fact that he did take a boy thirteen years of age (as appears in the mother's affidavit) in an automobile from Canandaigua to Syracuse to a basket ball game and return in the night time was clearly a violation of the conditions of his parole. It was not necessary for him to have committed a crime on another boy to constitute a violation of his probation. In fact, the condition in his parole that he should not associate with young boys was to prevent an opportunity of committing that crime again. The relator is a graduate of a university. Therefore, we do not have to be in doubt whether or not he understood the situation. It was not necessary for him to take this thirteen-year-old boy to Syracuse. An exercise of rational judgment should have prompted him to avoid the " appearance of evil."

He was given a hearing and admitted the doing of the act of taking a boy in an automobile from Canandaigua to Syracuse. That in itself was a violation of the condition of his probation. Much stress has been laid by counsel and by the witnesses and by the relator upon a statement which they allege the county judge made, that he did not care to hear any evidence as to what did, or what did not happen to the boy. The evidence offered was beside the point — the point was the taking of any boy of tender years out alone, and at night, and the action of the County Court in that respect was very proper.

The provisions of our Code of Criminal Procedure permitting a man charged with a crime to be placed on probation are salutary. However, the benefits to be derived therefrom depend upon the

manner in which defendants are required to live up to the conditions of the parole. Every failure to maintain the provisions of our criminal law weakens it and lowers our standard of civilization. Not infrequently it takes a strong man to withstand the sorrows visited upon a family by a miscreant. The duty of the county judge was not a pleasant one. To his credit, however, let it be said that he did his duty, and this court will not undo it.

The writ is dismissed and the relator is recommitted to the warden of the State Prison at Auburn, N. Y., under the terms of the sentence already pronounced.

Let an order be entered accordingly.