■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM P. WILLIAMS, Appellant.—Casey, J. Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered June 15, 1988, which revoked defendant's probation and imposed a sentence of imprisonment.

By petition dated June 7, 1988, defendant was alleged to have violated a condition of his probation which had been imposed two months earlier upon defendant's plea of guilty to two counts of sodomy in the second degree. This plea was entered upon defendant's consent to be prosecuted upon a superior court information which charged defendant with acts of oral sodomy committed upon two boys, aged 12 and 13 years. Defendant was sentenced to concurrent terms of six months in the Rensselaer County Jail and five years' probation. One of the conditions of probation was that defendant refrain from having any contact with any person under the

age of 18 years. The petition of violation of probation alleged that defendant violated this condition, in that he appeared at a Stewart's store on June 3, 1988 and attempted to purchase beer for three youths who were waiting in defendant's automobile and who were known by the store clerk to be under 18 years of age. A hearing was set for June 15, 1988 on the violation. Defendant appeared in County Court that day with an Assistant Public Defender as his attorney and informed the court that he was pleading guilty to the violation. The court specifically stated that if defendant pleaded guilty he was going to receive a sentence of 2 to 6 years in a correctional facility. When it was suggested by the court that defendant's presentence report be updated, defendant stated he wanted to "get it over with" and that his plea was not induced through fear or threats. Defendant thereupon entered a plea of guilty to the violation of probation and received the sentence the court indicated would be imposed.

Defendant now contends that he was not asked if he wished to make a statement on his own behalf before he was sentenced and that the condition of probation allegedly violated was vague, unreasonable and ambiguous, and improperly imposed. In our view, defendant's voluntary plea of guilty, without raising other issues, precludes his attempt to raise them now. The issues are not of a constitutional dimension and they cannot be considered for the first time on appeal. Defendant's judgment of conviction should, therefore, be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.