■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES L. STYLES, Appellant.—Appeal from a judgment of the County Court of Tompkins County (Friedlander, J.), rendered November 28, 1990, which revoked defendant's probation and imposed a sentence of imprisonment.

As a condition of his probation, defendant was required to complete a specific counseling program at a treatment center. When defendant was administratively discharged prior to the completion of said program, his probation was revoked and he was sentenced to a term of imprisonment. Although the discharge report from the treatment center is hearsay and does not meet the business record exception, hearsay may be admitted in a probation violation hearing *(People v Krzykowski,* 121 AD2d 831). While hearsay alone is insufficient to prove that a defendant has violated a condition of probation *(People v Davis,* 155 AD2d 610, *lv denied* 75 NY2d 812; *People v Krzykowski, supra),* in this case there is "a residuum of competent legal evidence in the record" *(People v Machia,* 96 AD2d 1113, 1114) to establish a finding of a probation violation. In addition to the testimony of the probation officers, defendant himself testified that he was not cooperative and that his own actions led to his discharge. Because defendant did not successfully complete the treatment program as he was required to do, County Court did not abuse its discretion in revoking defendant's probation *(see, People v Bacchi,* 112 AD2d 940; *People v Forman,* 105 AD2d 984, 984-985).

Mahoney, P. J., Casey, Mikoll, Levine and Crew III, JJ., concur. Ordered that the judgment is affirmed.