OPINION OF THE COURT
Dan Lamont, J.
Defendant appeals from a decision and judgment of the Town of Schoharie Justice Court, sitting without a jury, finding the defendant in violation of probation, revoking his sentence of probation, and sentencing him to a definite sen *987 tence of imprisonment of 360 days, and from the denial of defendant’s motion to dismiss the probation violation, and/or vacate his plea of guilty.
For the reasons which follow, the County Court holds and determines that the decision and judgment of the Town Court, Town of Schoharie should be reversed and the violation of probation petition should be dismissed.
BACKGROUND
The affidavit of errors and the court’s return and attachments thereto establish the following background and facts:
The defendant accepted an Alford (see, North Carolina v Alford, 400 US 25 [1970]) plea bargain arrangement on January 6, 1993 which consisted of a guilty plea to a violation of Penal Law § 130.60, sexual abuse in the second degree, a class A misdemeanor, in full satisfaction of the original charge of sexual abuse in the first degree, Penal Law § 130.65 (3), a class D felony. The plea agreement contained a promise of no jail time.
The defendant entered the Alford plea — after fully discussing the consequences with his retained attorney — in order to avoid the cost of a lengthy criminal action, the possibility of a guilty verdict to a more serious charge, and to assure a sentence with no jail time. The Justice Court accepted the plea agreement reached by the People and the defendant.
On January 6, 1993, the defendant was sentenced to a period of three years’ probation supervision with various general and special conditions enumerated.
On January 11, 1994, a petition of violation of probation was filed with the Town of Schoharie Justice Court alleging a violation of the following special condition of probation: "Complete a sex offender counseling/treatment program, including any necessary inpatient residence and all aftercare when directed by the Probation Department.”
The basis of the violation petition, which is uncontested by the appellant, is the defendant’s failure to admit to any factual guilt of sexual abuse during sex offender counseling. Forensic Mental Health Associates, a sexual abuse treatment/ counseling facility, would no longer allow the defendant to participate in their program due to his failure to admit to the crime of sexual abuse. The defendant did attend meetings at the facility and maintained his denial until they would no longer treat him.
*988 The defendant was not informed, at the time of entry of his Alford plea, that he would be required to admit in therapy his factual guilt to the underlying charge. The defendant is abiding by all other aspects of his probation order and conditions.
After a hearing, the defendant was found in violation of said condition of probation, his probation was revoked, and he was sentenced to a definite sentence of imprisonment of 360 days by the Schoharie Town Justice on June 14, 1994.
THE LAW
The People do not contest the fact that the defendant entered an Alford plea (North Carolina v Alford, supra). This is a plea entered into by the defendant which contains a protestation of innocence, after the defendant has voluntarily, knowingly, and understandingly concluded that his interests require the entry of a guilty plea. In this type of plea the defendant consents to the imposition of a sentence without admitting to his participation in the acts constituting the crime. The plea may be accepted where there is a sound and substantial factual basis supporting the plea. (North Carolina v Alford, supra; People v Serrano, 15 NY2d 304 [1965].)
CPL 340.20 (1) makes the provisions of CPL article 22Ó applicable to pleas to informations, and changes of pleas thereto, in local criminal courts. CPL 220.60 (3) provides that: "At any time before the imposition of sentence, the court in its discretion may permit a defendant who has entered a plea of guilty * * * to withdraw such plea.”
It is solely within the discretion of the trial court whether a sentence of probation should be revoked and such decision should not be disturbed on appeal unless there is a clear abuse of discretion (People v Forman, 105 AD2d 984 [3d Dept 1984], citing People v Slavin, 52 AD2d 1012 [3d Dept 1976]).
CONCLUSIONS OF LAW
The defendant-appellant’s motion to withdraw his plea of guilty was not made before the imposition of the sentence of probation on January 6, 1993 and was untimely (CPL 340.20 [1]; 220.60 [3]); therefore, the Town Court properly summarily denied such motion.
This court holds and determines that the Town Court’s finding defendant-appellant in violation of probation should be *989 reversed as a matter of discretion in the interest of justice and the underlying violation of probation petition dismissed with prejudice.
A court does not abuse its discretion by revoking a defendant’s probation where the defendant has not successfully completed a required treatment program due to his lack of cooperation in the program (People v Styles, 175 AD2d 961 [3d Dept 1991]). The Styles case cannot be extended to the situation at bar. The defendant’s purpose in accepting the Alford plea, to a lesser charge, was to avoid the possibility of being found factually guilty while maintaining his innocence. The Justice Court states that the defendant accepted the plea "in an effort to take the easy way out and save himself the embarrassment of a criminal conviction.” However, the People, the defendant and the Justice Court all agreed and consented to the acceptance of the Alford plea.
All of the parties agreed to accept a plea whereby the defendant could maintain his innocence to the underlying charge. To require defendant to admit to his factual guilt during treatment, upon threat of incarceration, is directly inconsistent with the plea agreement entered into by the People, the defendant and the Justice Court.
The defendant has attended sex abuse counseling in a status of denial up to the point of his discharge from counseling and is in compliance with all other aspects of his probation. It should be noted that one of the respondents in Matter of Crystal Q. (173 AD2d 912 [3d Dept 1991]) sporadically attended sexual abuse treatment for a period of years and then group therapy for about two years while in a state of denial. Also in Matter of Beverly K. (213 AD2d 795 [3d Dept, Mar. 9, 1995]) a father adjudicated responsible for the sexual abuse of his daughter was advised that Family Services of Chemung County sexual abuse counseling accepts clients who are in denial. These cases seem to belie the assertion that such treatment is not available.
CONCLUSION
As a matter of fairness, and in the interests of justice, the finding of a violation of probation; the revocation of defendant’s probation; and the imposition of the one-year maximum sentence of imprisonment upon a conviction of a class A misdemeanor cannot be allowed to stand.
Accordingly, it is hereby ordered, that the decision and *990 judgment of the Town Court, Town of Schoharie finding defendant-appellant in violation of probation, revoking his probation, and imposing a 360-day definite sentence of imprisonment is hereby reversed as a matter of discretion in the interests of justice and the underlying violation of probation petition is dismissed with prejudice, and the matter remitted to the Town Court of the Town of Schoharie for further proceedings not inconsistent with this court’s decision.