■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. McCLARREN, Appellant. [633 NYS2d 86] —Appeal from a judgment of the County Court of Montgomery County (Aison,

J.), rendered June 22, 1994, convicting defendant upon his plea of guilty of the crimes of arson in the third degree, aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated.

In satisfaction of an indictment and superior court information charging him with crimes stemming from two separate incidents, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree, driving while intoxicated and arson in the third degree. As part of the plea agreement, defendant was sentenced, *inter alia*, to a prison term of 1 to 3 years for aggravated unlicensed operation of a motor vehicle to run concurrent with a six-month jail term for driving while intoxicated. In addition, he was sentenced to a prison term of $3^{1}/_{2}$ to $10^{1}/_{2}$ years for arson to run consecutive to the sentences imposed in connection with the other crimes; he was ordered to pay restitution in the amount of $636,000 and a surcharge of $31,800. Defendant argues that the award of restitution is illegal because County Court failed to conduct a hearing to ascertain the amount of damage caused by the arson. Insofar as the record reveals that the parties stipulated to the amount of damage sustained by the victim of the arson and defendant waived his right to a hearing on this issue, we find defendant's argument unpersuasive.

Defendant further contends that the overall sentence is harsh and excessive given his severe alcohol problem and financial inability to pay the restitution ordered. However, in view of the seriousness of the crimes committed, defendant's alcohol-related criminal history and his agreement to pay the restitution ordered, we find no reason to disturb the sentence imposed by County Court.

Mercure, J. P., Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.