■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS A. MARX, Appellant. [634 NYS2d 810] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Harrigan, J.), rendered December 23, 1994, which revoked defendant's probation and imposed a sentence of imprisonment.

In January 1994, upon his plea of guilty, defendant was convicted of the crimes of aggravated unlicensed operation of a motor vehicle in the first degree and driving while intoxicated. He was fined and sentenced to a term of five years' probation. In December 1994, defendant was charged with violating the

terms of his probation. Following a revocation hearing, County Court found that defendant violated his probation by not only failing to report to the Probation Department and keep it apprised of his whereabouts, but also by his conviction in June 1994 of second degree aggravated unlicensed operation of a motor vehicle. Thus, County Court revoked defendant's probation and sentenced him to a term of imprisonment of $1\frac{1}{3}$ to 4 years.

Defendant contends that he was denied the right to effective assistance of counsel because immediately prior to the commencement of the hearing, his counsel noted to County Court that defendant had refused to accept his advice to plead guilty in order to receive a lighter sentence. Hence, defendant contends that instead of vigorously defending him, counsel was implicitly informing the court that he believed his client to be guilty.

We disagree. Counsel merely advised County Court that upon his assessment of the evidence, he recommended that defendant accept the plea offered. The record reflects that counsel afforded defendant competent representation by making timely and appropriate objections, vigorously cross-examining the prosecution's witness and asking the court for lenience in sentencing due to defendant's heart condition. Counsel's conduct demonstrated familiarity with the relevant principles of criminal law and procedure, resulting in what we find to be the effective assistance of counsel (*see, People v Noble*, 209 AD2d 735, 736, *lv denied* 84 NY2d 1036).

Defendant additionally contends that he was denied the right to confront adverse witnesses due to County Court's admission of hearsay evidence. While "the court may receive any relevant evidence not legally privileged" (CPL 410.70 [3]) during these hearings, the court may not conclude that defendant violated a condition of probation based exclusively on hearsay evidence (*see, People v Styles*, 175 AD2d 961, *lv denied* 79 NY2d 923). We find that a sufficient proffer of competent legal evidence was made here in the form of testimony from defendant's probation officer, coupled with the certificate of conviction, to show that defendant had been convicted of a crime during his term of probation.

Cardona, P. J., Mikoll, Casey and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.