■ The People of the State of New York, Respondent, v Douglas Griffith, Appellant. [657 NYS2d 823] —Carpinello, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered October 3, 1994, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to two counts of sodomy in the second degree and one count of rape in the second degree on June 8, 1993 in satisfaction of a five-count indictment charging rape in the second degree and two counts each of sodomy and sexual abuse in the second degree. The charges stem from allegations that defendant engaged in sexual intercourse and deviate sexual intercourse with a 12-year-old girl. He was sentenced to six months in jail and five years' probation.

As part of his probation, defendant was required to, *inter alia*, successfully complete a sex offender rehabilitation program entitled "Sexual Abuse Family Education and Restitution" (hereinafter SAFER). In August 1994, a petition for violation of probation was filed based on, *inter alia*, defendant's July 27, 1994 arrest for endangering the welfare of a child and failure to attend and/or pay for SAFER group meetings, as well as his termination from the SAFER program. After being found guilty of violating probation, defendant's probation was revoked and he was resentenced to concurrent prison terms of $2^1/_3$ to 7 years on the sodomy convictions and a consecutive prison term of 1 to 3 years on the rape conviction. Defendant appeals and we now affirm.

As a condition of his participation in the SAFER program, defendant signed a "Program Contract for Sexual Offenders" in which he agreed to abide by all requirements of the treatment program as outlined in the contract. One condition of the contract required that defendant have no contact with children under the age of 18. Specifically, defendant was required to "make every attempt to avoid being in contact with chil-

dren". The contract recognized that defendant might have inadvertent contact with children and, accordingly, provided that defendant would "not be in violation if he * * * makes reasonable attempts to avoid contact with children". It also included specific steps that defendant was to take in the event that he had some accidental contact with children. In addition to being a requirement of the SAFER program, the no-contact requirement was an express "special condition" of his probation as outlined in the "Order and Conditions of Adult Probation" signed by defendant. On appeal, defendant argues that this no-contact requirement violated his constitutional rights and was unreasonable.*

An important aspect of the plea bargaining system is that ability of plea negotiations enable courts to impose individualized sentences (*see, People v Avery*, 85 NY2d 503, 506). "The determination of an appropriate sentence requires the exercise of discretion after due consideration given to, among other things, the crime charged, the particular circumstances of the individual before the court and the purpose of a penal sanction" (*People v Farrar*, 52 NY2d 302, 305; *accord, People v Avery, supra*, at 506-507). Significantly, "[c]onditions imposed as part of a plea arrangement are valid if the parties agree to them and they do not violate any statute or contravene public policy" (*People v Avery, supra*, at 507; *see, People v Seaberg*, 74 NY2d 1, 7).

Penal Law § 65.10 grants courts the authority to place conditions on a sentence of probation and said conditions "shall be such as the court, in its discretion, deems reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him [or her] to do so" (Penal Law § 65.10 [1]). Because the conditions of probationary sentences must be tailored to a particular defendant's case, the statute includes a catch-all provision which grants the court wide latitude to require a defendant to "[s]atisfy any other conditions reasonably related to his [or her] rehabilitation" (Penal Law § 65.10 [2] *[l]*). The condition, however, must be primarily rehabilitative in nature—aimed at assisting a convicted criminal in returning to society reformed and without the desire or need to commit another crime (*see, People v Letterlough*, 86 NY2d 259, 264, *supra*).

In light of the safeguards imposed in the contract (i.e., the

---

* We note that defendant's failure to argue this particular issue at sentencing does not impede our review because it involves "the 'essential nature' of the right to be sentenced as provided by law" (*People v Fuller*, 57 NY2d 152, 156; *see, People v Letterlough*, 86 NY2d 259, 263, n 1; *but see, People v Williams*, 154 AD2d 794).

provisions recognizing the likelihood of accidental contact with children), we conclude that the no-contact condition of defendant's probation was within the flexibility and discretion of County Court's "open-ended authority under Penal Law § 65.10 (2) *(l)* to impose conditions which are 'reasonably related to [defendant's] rehabilitation'" (*People v Howland,* 145 AD2d 866, 867; *see,* Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law art 65, at 208). Under the circumstances, denying defendant access to the targets of his illness was reasonably related to advancing his rehabilitation for the sexual offenses he perpetrated on a 12-year-old child (*see, People ex rel. Schumaker v Brophy,* 147 Misc 254, 256, *affd* 240 App Div 802; *see also, People v McAllister,* 150 AD2d 913; *State v De Jesus,* 1993 WL 171866 [Conn Super Ct, Apr. 27, 1993] [a defendant convicted of risk of injury to a minor prohibited from any contact with children under the age of 18]; *Potts v State,* 207 Ga App 863, 429 SE2d 526 [a defendant convicted of child molestation prohibited from having contact with any child under the age of 16]; *Nitz v State,* 745 P2d 1379 [Alaska] [a defendant convicted of lewd and lascivious act toward a child prohibited from contact with any girl under the age of 18]; *Ramaker v Wisconsin,* 73 Wis 2d 563, 243 NW2d 534 [a defendant convicted of taking indecent liberties with a female child prohibited from associating with any minor child]).

Defendant also contends that he was deprived of effective assistance of counsel at the probation violation hearings. Our review of these proceedings reveals that counsel made a sincere effort to minimize the charges against defendant, which included requests that defendant be given a second chance by the court. Counsel cross-examined both prosecution witnesses, made detailed opening and closing statements on behalf of defendant and was obviously familiar with the relevant principles of criminal law (*see, People v Marx,* 222 AD2d 763). In light of the lower burden of proof with respect to probation violation proceedings (*see,* CPL 410.70 [3]; *People v Johnson,* 208 AD2d 1051, *lv denied* 85 NY2d 910) and the overwhelming evidence supporting defendant's violations, counsel was unsuccessful. Simply because counsel does not prevail in the face of strong evidence against his or her client does not demonstrate that counsel was ineffective (*see, e.g., People v Smyth,* 233 AD2d 746, 748). Considering the record as a whole (*see, People v Satterfield,* 66 NY2d 796; *People v Baldi,* 54 NY2d 137, 146-147), we find that defendant received meaningful representation at the probation violation hearing (*see, People v Marx, supra; People v McLaughlin,* 154 AD2d 717, *lv denied* 75 NY2d 772).

Defendant's remaining contentions are either unpreserved for review or without merit.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.