**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Douglas Michael BIRDSONG, Defendant–Appellant.**

No. 96CA0157.

Colorado Court of Appeals, Div. II.

Sept. 26, 1996.

Rehearing Denied Nov. 14, 1996.

Certiorari Granted June 9, 1997.

Gale A. Norton, Attorney General, Stephen K. Erkenbrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor Gener-

al, John J. Krause, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Michael T. Kossen, Highlands Ranch, for Defendant–Appellant.

Opinion by Justice QUINN.*

Defendant, Douglas Birdsong, appeals the trial court's order revoking his sentence to probation. We reverse and remand.

Defendant was originally charged with one count of sexual assault on a child, one count of sexual assault on a child by one in a position of trust, and one count of aggravated incest. The charges were based on allegations that defendant had molested his five-year-old daughter by inappropriately touching her vaginal area.

Pursuant to a written plea agreement, defendant entered a plea of guilty to one misdemeanor count of third degree sexual assault in accordance with *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (defendant may constitutionally enter a plea of guilty pursuant to a plea agreement without actually admitting factual guilt if defendant knowingly acknowledges that prosecution's evidence is sufficient such that conviction at trial is likely). At the providency hearing, defendant admitted touching his daughter's genital area, but denied having done so for purposes of sexual gratification.

The plea agreement contained a stipulated probationary sentence of four years with "offense specific therapy." At the providency hearing, the parties agreed that an offense specific evaluation and treatment as recommended by the evaluator were encompassed with that condition. The court accepted the plea agreement and imposed sentence in accordance with the parties' stipulation.

Six months later, defendant's probation officer filed a probation complaint alleging that defendant had violated the terms and conditions of his probationary sentence by not having successfully completed the "denial treatment program." Specifically, the complaint alleged that, although defendant had enrolled in a sex offender treatment program as ordered by the probation department and had attended 55 sessions of a denial treatment group, he was still "in denial" and unsuitable for the next phase of the treatment program.

At the probation revocation hearing, the director of defendant's sexual offender treatment program testified that defendant had not successfully completed the four-phase treatment program because he was still unwilling to admit that the incidents involving his daughter were sexually motivated. Defendant called his former attorney as a witness to testify concerning discussions of defendant's plea negotiations. The attorney testified that he and the deputy district attorney agreed that defendant would continue participating in the denial group therapy program, and that if defendant admitted anything requiring further treatment, he would continue in therapy. The attorney also testified that, in his opinion, the terms of defendant's probation were inconsistent with the terms of the plea agreement because the plea agreement did not contemplate that defendant would be obligated to "enter, enroll [in], and successfully complete a sex offender specific treatment program" as specified in the probationary terms.

The trial court found that the prosecution had established a violation of probation by a preponderance of the evidence. Relying on the transcript of the providency hearing, the court found that successful completion of an offense specific treatment program was a condition of defendant's probation. In addition, the court reasoned that any contrary interpretation of the probationary terms would have effectively allowed defendant to terminate his therapeutic treatment by means of his unwillingness to cooperate. On the basis of these findings, the court revoked defendant's probation and sentenced him to two years imprisonment in the county jail with work release. This appeal followed.

Defendant's single claim on appeal is that, because he entered an *Alford* plea, the trial court erred in revoking his probation based

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1996 Cum.Supp.)

on his refusal to admit guilt in the sex offender treatment program. We agree.

■ Probation is a privilege, not a right. *People v. Ickler*, 877 P.2d 863 (Colo.1994). If a probationer violates any condition of probation, the order of probation may be revoked. Sections 16–11–205 & 16–11–206, C.R.S. (1986 Repl.Vol. 8A); *see also People v. Ickler, supra*. In a revocation proceeding, the prosecution has the burden of establishing by a preponderance of the evidence that the defendant violated a valid condition of probation. Section 16–11–206(3), C.R.S. (1986 Repl.Vol. 8A); *see also People v. Trujillo*, 189 Colo. 206, 539 P.2d 1234 (1975).

As an initial matter, we reject defendant's argument that because the treatment counselors recommended terminating him from the program at the end of the denial group therapy sessions, such recommendation implicitly constituted an acknowledgment that no further treatment was required. On the contrary, the program director's testimony at the probation revocation hearing makes abundantly clear that the program counselors considered defendant in need of further treatment, though not amenable to it because of his refusal to admit culpability.

■ The remaining question, therefore, is whether defendant's unsuccessful therapeutic termination caused by a refusal to admit guilt can constitute a probation violation in light of his *Alford* plea and stipulated probationary sentence requiring successful completion of the sex offender treatment. We conclude that it cannot.

Both parties rely upon *People v. Ickler, supra*, to support their respective positions. In *Ickler*, the defendant pled guilty to a sexual assault charge and was ordered to complete a sex offender treatment program as a condition of a probationary sentence. Although the availability of special treatment programs for those in denial was discussed at sentencing, the defendant's plea of guilty was not an *Alford* plea. Thereafter, a probation complaint was filed alleging that defendant had failed to comply with the terms of his probation because he had failed to cooperate with the sexual offender treatment program.

In part, the complaint was based on defendant's refusal to admit guilt for the offense.

In rejecting Ickler's claim that admission of guilt was not an explicit condition of his probationary terms, our supreme court held that "Ickler admitted his commission of the offense by entering a plea of guilty to the charged offense." *People v. Ickler, supra*, 877 P.2d at 867. In further support of its decision upholding the revocation of probation, the court pointed out that "Ickler's lack of cooperation was not limited to his refusal to admit commission of the sexual assault" but included his failure to keep appointments. *People v. Ickler, supra*, 877 P.2d at 867.

Under the unique circumstances of the present case, we conclude that *Ickler* is inapposite. The *Ickler* court's explanation that defendant's guilty plea constituted an admission of guilt does not pertain to the situation here in which defendant's plea of guilty was accompanied by a protestation of factual innocence pursuant to *Alford*. Moreover, the court in *Ickler* emphasized that it was the defendant's non-cooperation, and not solely his refusal to admit guilt, which formed the basis for the revocation.

Our research of other jurisdictions has disclosed only one appellate decision analyzing the precise question of whether a defendant who enters an *Alford* plea to a sex offense can have his probation revoked solely for refusing to admit guilt in court-ordered sex offender treatment. In *People v. Walters*, 164 Misc.2d 986, 627 N.Y.S.2d 289 (Cty.Ct. 1995), the court reversed an order revoking the defendant's probation for failure to admit his guilt in sex offender treatment. The defendant in that case was originally charged with a felony sex offense but entered an *Alford* plea of guilty to a misdemeanor sex abuse charge. The defendant attended court-ordered sex offender treatment until he was terminated for persisting in his denial of guilt. Noting that at the time he entered his plea the defendant had not been advised that he would be required to admit guilt in order to successfully complete the sex offender treatment program, the *Walters* court reasoned that the acceptance of defendant's *Alford* plea was "directly inconsistent" with a

finding that his refusal to admit guilt in counseling constituted a probation violation. *People v. Walters, supra,* 627 N.Y.S.2d at 291. We agree with the reasoning of *Walters.*

Here, defendant tendered his *Alford* plea and denied his culpability, but agreed to successfully complete the sex offender treatment program. However, as in *Walters,* there is no evidence in the record indicating that defendant was informed that admitting guilt was a necessary prerequisite to such successful completion. In the instant case, it was the trial court's obligation to advise the defendant of that requirement before the court accepted the *Alford* plea.

■ There is an obvious incompatibility between, on the one hand, a plea which denies the culpable mental element of a sexual offense and, on the other, a concurrent sentencing stipulation to undergo, as part of a sentence to probation, a treatment program which requires an admission of guilt as a condition of its successful completion. Such a plea cannot be characterized as knowing and voluntary unless the defendant is provided with information necessary to assess his ability to comply with the terms and conditions of the probationary sentence.

■ A trial court is not obligated to accept a defendant's *Alford* plea. *North Carolina v. Alford, supra* (fn. 11). Nor is a trial court obligated to accept the parties' plea agreement. *See* Crim. P. 11(f)(5). However, before a court decides to accept an *Alford* plea that is conditioned on a stipulated treatment program requiring an admission of guilt as part of a probationary sentence, the court must find that the defendant understands that the successful completion of the program will require him to admit the very guilt which he presently is denying and that the failure to successfully complete the program can result in the revocation of his probation.

Hence, this case must be remanded for further proceedings. Upon remand, the trial court may consider several options, including but not limited to the following: permit defendant to withdraw the *Alford* plea and reinstate the charges; permit defendant to continue on probation after the court determines that defendant understands and agrees to the successful completion of the denial treatment program and further understands and agrees to the requirement that successful completion will require him to admit his guilt as to all the elements of third degree sexual assault; permit defendant to continue on probation and eliminate defendant's successful completion of the denial treatment program as a condition of probation; any other disposition consistent with the views herein expressed.

The trial court's order revoking probation is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

NEY and MARQUEZ, JJ., concur.