■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL ORMSBY, Appellant. [662 NYS2d 619] —Mercure, J. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered April 29, 1996, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In full satisfaction of all pending indictments and charges then existing against him in Franklin County, defendant pleaded guilty to the crime of burglary in the second degree and was sentenced as a second felony offender to a determinate term of imprisonment of 15 years; he was also ordered to pay $16,362.63 in restitution plus surcharges and fees.

Initially, we reject the contention that the restitution order should be reversed because County Court failed to conduct a hearing to ascertain the proper amount of restitution and to determine defendant's ability to pay. Defendant agreed, as part of his plea agreement, to waive a hearing on the restitution issue (see, Penal Law § 60.27 [2]) and to pay $16,362.63 as restitution in satisfaction of the charges disposed of by the plea of guilty. The restitution amount agreed to by defendant is the precise amount ordered by County Court, without objection, at sentencing (see, People v McClarren, 220 AD2d 933, 934; People v Masten, 215 AD2d 892, 893, lv denied 86 NY2d 782). Under the circumstances, we find no error.

We are also unpersuaded that the sentence was harsh and excessive and that County Court failed to consider mitigating factors in imposing the harshest sentence. We find nothing in

the record to persuade us that County Court failed to consider the mitigating factors presented to it when imposing sentence. Despite consideration of these factors, however, defendant's extensive criminal history, including prior felonies for crimes of a similar nature, his apparent lack of remorse and the fact that his guilty plea enabled him to substantially reduce his sentencing exposure if convicted of the outstanding charges, leads us to conclude that the sentence was neither harsh nor excessive (*see, People v Powell*, 234 AD2d 792; *People v Harrison*, 227 AD2d 722).

Cardona, P. J., Mikoll, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is affirmed.