■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM E. HIBBARD, Appellant. [670 NYS2d 160] —Judgment unanimously affirmed. Memorandum: The contention of defendant that County Court erred in denying his application to reopen the violation of probation hearing to enable him to establish a defense is without merit. Defendant failed to make the requisite showing that the new evidence could not have been submitted at the hearing (see, People v Sigl, 158 AD2d 940, 941, lv denied 75 NY2d 970; see also, People v Greco, 230 AD2d 23, 29, lv denied 90 NY2d 858, 940).

The contention of defendant that he was denied effective assistance of counsel at the hearing is also without merit. There is no showing that defendant had previously informed his counsel about the matters raised by defendant for the first time at sentencing and that counsel had neglected to present them at the hearing. The testimony of the Probation Officer at the hearing that defendant had failed to report or communicate with him was not contested. "Simply because counsel does not prevail in the face of strong evidence against his or her client does not demonstrate that counsel was ineffective" (People v Griffith, 239 AD2d 705, 707).

We reject the contention of defendant that the court failed to exercise its discretion in imposing the maximum sentence. The court's statement to defendant that, if he violated the terms and conditions of probation, he would "do the balance of the sentence in the State prison" was a warning to impress upon defendant the gravity of a violation and was not a commitment to that sentence. In view of defendant's criminal history, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Violation of

Probation.) Present—Lawton, J. P., Hayes, Wisner, Boehm and Fallon, JJ.