■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. STEDGE, SR., Appellant. [673 NYS2d 228] —Peters, J. Appeal from a judgment of the County Court of Tioga County (Squeglia, J.), rendered September 16, 1996, which revoked defendant's probation and imposed a sentence of imprisonment.

After pleading guilty to attempted arson in the third degree, defendant was sentenced to four months of incarceration which would be suspended if he became gainfully employed for more than 30 hours a week. He was also sentenced to five years' probation, was required to attend mental health counseling and, *inter alia*, to pay restitution in the amount of $35,723.60. At such time, County Court advised him of his right to appeal the sentence and the conviction and further cautioned him that if he violated probation, he would likely receive a sentence to State prison.

Approximately one year later, defendant was charged with a violation of probation. He admitted to the charges and during allocution acknowledged that, upon resentencing, County Court was authorized to revoke his probation and sentence him to jail or prison. Sentenced to a term of imprisonment of 1 to 6 years and payment of restitution, defendant appeals.

Having failed to move to withdraw the plea prior to sentencing or to make a postverdict motion to vacate the judgment of conviction, defendant's claim that County Court should have allowed him to withdraw his plea is unpreserved for review (*see, People v Minshell*, 198 AD2d 676, *lv denied* 82 NY2d 928). Similarly unavailing is defendant's contention that the court erred in failing to order a hearing concerning restitution. The record reveals that at his initial sentencing, defendant agreed to pay the restitution ordered and did not request a hearing on that issue (*see*, Penal Law § 60.27 [2]; *People v McClarren*, 220 AD2d 933); the court's reimposition of the same restitution at resentencing does not, in our opinion, trigger a renewed right to a hearing.

We further find no merit to defendant's contention that the sentence imposed is excessive. County Court specifically advised defendant of the consequences which could result if he violated the terms and conditions of probation and, despite

such warning, he failed to consistently appear for appointments with his probation officer, comply with mental health counseling, continue his employment or pay restitution in a timely fashion. Furthermore, he was arrested and convicted of two additional offenses subsequent to his placement on probation. As we find the sentence imposed to fall within statutory limits and fail to find any extraordinary circumstances or abuse of discretion which could cause us to modify the sentence (*see, People v Ormsby*, 242 AD2d 840, *lv denied* 91 NY2d 895; *People v Barrett*, 221 AD2d 772, *lv denied* 87 NY2d 1017), there exists no basis for further review.

Mercure, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.