■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK REDD, Appellant. [689 NYS2d 886] —Judgment unanimously affirmed (*see, People v Hidalgo*, 91 NY2d 733). (Appeal from Judgment of Supreme Court, Erie County, Forma, J.— Vehicular Manslaughter, 2nd Degree.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. DORVIT, Appellant. [689 NYS2d 889] —Judgment unanimously affirmed. Memorandum: The finding that defendant violated his probation is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The finding was supported by the hearsay testimony of defendant's probation officer (*see, People v Styles*, 175 AD2d 961, *lv denied* 79 NY2d 923) and the sworn testimony of a 10-year-old child found by County Court to be competent to testify under oath (*see,* CPL 60.20 [2]; *see also, People v Morales*, 80 NY2d 450, 452-453).

The sentence is not unduly harsh or severe (*see generally,* CPL 410.70 [5]; *People v Haas*, 245 AD2d 825). This was defendant's second probation violation, and it resulted from acts identical to those that were the basis for the first violation. Moreover, the court did not abuse its discretion in continuing the restitution that defendant agreed to as part of his original guilty plea (*see, People v Stedge*, 250 AD2d 880).

We have examined defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Allegany County Court, Feeman, Jr., J.—Violation of Probation.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Hurlbutt, JJ.