■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER COY, Appellant. [718 NYS2d 899] —Carpinello, J. Appeal from a judgment of the County Court of Ulster County (LaBuda, J.), rendered February 19, 1999, which revoked defendant's probation and imposed a sentence of imprisonment.

Following defendant's plea of guilty to driving while intoxicated, County Court sentenced him to a 60-day jail term and five years' probation. The court further directed that defendant pay restitution in the amount of $3,500 to the victim in monthly installments of $100. Defendant was subsequently brought before County Court on a declaration of delinquency which alleged numerous violations of his probation conditions, including the failure to pay restitution as directed (the declaration notes, however, that defendant had paid $301 toward restitution). Defendant thereafter pleaded guilty to violating probation and was sentenced to a prison term of 1 to 3 years. The monetary component of the original sentence was continued with County Court ordering defendant to pay the balance due the victim, namely, $3,199.*

Not only did defendant waive the right to appeal the original conviction, he did not appeal or otherwise challenge the original conviction or the sentence imposed thereunder. Thus, his present challenge to the amount of restitution imposed, particularly his claim that a hearing should have been held to verify the victim's actual loss, is foreclosed (see, People v Panek, 256 AD2d 1238, lv denied 93 NY2d 856; People v Ambriati, 239 AD2d 948, lv denied 90 NY2d 901; People v Holmes, 226 AD2d 1122, lv denied 88 NY2d 966; People v Rutnik, 198 AD2d 617; see also, People v Stedge, 250 AD2d 880; People v Hosien, 204 AD2d 658, lv denied 83 NY2d 1004). We have reviewed defendant's contention that he was denied effective assistance of counsel in the context of the parole violation proceeding and find it to be without merit, as the record reveals that he in fact received meaningful representation (see, People v Satterfield, 66 NY2d 796).

Crew III, J. P., Peters, Spain and Lahtinen, JJ., concur.

---

* This sum obviously represents the amount of restitution imposed ($3,500) less the amount actually paid by defendant ($301).

Ordered that the judgment is affirmed.