(April 25, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. ROBERGE, Appellant. [743 NYS2d 182] —Lahtinen, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered May 27, 1999, which revoked defendant's probation and imposed a sentence of imprisonment.

In 1994 defendant received a split sentence of five months in jail and five years' probation as a result of his guilty plea to the crime of sodomy in the second degree. Two of the special conditions of defendant's probation imposed by County Court were that he "[h]ave no contact with children under the age of 18 under any circumstances, including emergency situations" and that he "[r]emain away from places where children are known to congregate (parks, schools, playgrounds, etc)." In addition, defendant was required to participate in the Sexual Abuse Family Education and Restitution (hereinafter SAFER) program for as long as deemed necessary by the Probation

Department and comply with all the conditions of the SAFER contract, which included, inter alia, no "contact with any children of either sex who are under the age of 18."

In March 1999, a little over one month prior to the expiration of defendant's term of probation, defendant's probation supervisor filed a petition alleging that defendant had violated the terms and conditions of his probation in that he engaged in a repeated course of conduct which placed him in contact with children under the age of 18, was observed frequenting the local municipal beach, and failed to report those contacts to his probation officer or his SAFER treatment team. County Court conducted a hearing on the petition, determined that defendant had violated the conditions of his probation, revoked his probation and sentenced him to a prison term of 2 to 6 years. Defendant appeals.

Defendant contends that the People failed to establish that he violated the conditions of his probation by a preponderance of the evidence (*see*, CPL 410.70 [3]; *see, e.g.*, *People v Miller*, 289 AD2d 704, 705). We disagree. County Court found, inter alia, that defendant failed to comply with the specific conditions of the SAFER contract which were incorporated into County Court's terms and conditions of probation. The specific condition violated prohibited defendant from having any contact with children of either sex under the age of 18 years and, in those cases where he could not avoid contact, to record the contact in a log and report the contact to his probation officer and SAFER therapist. Witnesses called by both the People and defendant testified that defendant attended several family functions involving his girlfriend's family at which several children between the ages of 2 and 18 were present, that he had physical contact with children at these functions,[1] and that these incidents were neither reported nor entered in his contact logs, providing ample support for County Court's finding that defendant violated this probation condition,[2] which we find to be reasonably related to defendant's rehabilitation (*see*, Penal Law § 65.10 [2] [*l*]; *People v Griffith*, 239 AD2d 705).

---

1. These functions included a family reunion picnic, a birthday party at the local municipal beach, a family picnic at that beach, and a Christmas visit with his girlfriend's sister's family.

2. Having determined that the People met their burden of establishing by the requisite evidentiary standard that defendant violated a condition of his probation, we do not address his argument that the term and condition of his probation prohibiting him from having any contact with children under the age of 18 under any circumstance was unreasonable, unjust and excessive because it was not reasonably related to his rehabilitation, nor his claim that County Court improperly determined that by going to the municipal beach he violated the term and condition of his probation directing him to stay

(n. cont'd)

Defendant's next contention, that his sentence was harsh and excessive, must also fail. Defendant does not dispute the legality of his sentence (see, CPL 410.70 [5]), but cites his progress while on probation, his completion of and release from the SAFER program and the short time remaining on his probationary term at the time of the filing of the petition in support of his claim that his sentence was harsh and excessive. However, given defendant's prior probation violation during this probationary term which resulted in a sentence of local jail time,[3] and the seriousness and pattern of the proven violations in this instance, County Court did not abuse its discretion in imposing a sentence of imprisonment. Nor do we find extraordinary circumstances present here which would warrant our disturbing defendant's sentence in the interest of justice (see, People v Gotham, 284 AD2d 578; People v Hawke, 270 AD2d 646; People v Corpin, 269 AD2d 622, lv denied 95 NY2d 795).

Finally, we reject defendant's contention that he was denied the effective assistance of counsel because his counsel did not fully explore his mental health issues or present any evidence regarding his mental health.[4] There was no showing that defendant told his counsel about his mental health issues, which he brought to County Court's attention for the first time at sentencing (see, People v Hibbard, 248 AD2d 986, 986, lv denied 92 NY2d 853). Moreover, the record reveals that defense counsel challenged every aspect of the People's case, cross-examined the People's witnesses, presented a case for the defense and argued forcefully against a sentence of imprisonment, which we find to be meaningful representation (see, People v Baldi, 54 NY2d 137; People v Gagnon, 245 AD2d 593, 595, lv denied 91 NY2d 925).

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.

away from places where children are known to congregate because a beach was not listed as one of those places.

3. Defendant left Clinton County without County Court's permission and was sentenced to several weekends in the County jail for this violation.

4. Defendant was receiving disability benefits for posttraumatic stress disorder.