■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD M. WORMUTH, Appellant. [769 NYS2d 907]—

Spain, J.P. Appeal from a judgment of the County Court of Delaware County (Estes, J.), rendered December 14, 2001, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant was serving a five-year term of probation following his June 2001 conviction based upon his plea of guilty of the crime of assault in the second degree (having seriously injured the 13-month-old child of his then girlfriend by inflicting, among other injuries, a fractured skull). In September 2001, defendant was charged with violating certain terms of his probation by, inter alia, associating with individuals under the age of 18 without direct adult supervision authorized by the Probation Department and by being arrested on charges of endangering the welfare of a child and menacing in the second degree (having allegedly threatened two children with a butcher knife so that he could be alone with their 16-year-old babysitter). A violation of probation hearing before County Court resulted in the revocation of defendant's probation and his resentencing to a prison term of seven years.

Defendant appeals, contending that his right to the effective assistance of counsel was violated by the legal representation provided by his assigned defense counsel during the probation revocation proceedings. We have reviewed this contention and find it to be without merit. Under the circumstances presented here, defense counsel's representation was meaningful and competent (*see People v Satterfield*, 66 NY2d 796, 798-799 [1985]; *People v Coy*, 279 AD2d 794, 795 [2001]). The record reveals that defense counsel challenged every aspect of the prosecution's case, cross-examining the People's witnesses (including the three minors who testified), and made a forceful argument against a sentence of incarceration in a state correctional facility (*see People v Roberge*, 293 AD2d 913, 915 [2002], *lv denied* 98 NY2d 680 [2002]; *People v Barber*, 280 AD2d 691, 693 [2001], *lv denied* 96 NY2d 825 [2001]).

We are similarly unpersuaded by defendant's contention that the seven-year prison sentence imposed by County Court is harsh and excessive. Given defendant's history of violence and threatened violence toward young children and his inability to refrain from such conduct, even during the first three months of his period of probation, the prison term imposed by County Court was appropriate (*see People v Roberge, supra* at 915). Moreover, a review of the record discloses no extraordinary circumstances which would warrant a reduction of defendant's sentence in the interest of justice (*see People v Van Valkenburgh*, 304 AD2d 986, 986-987 [2003]). The remaining arguments raised by defendant have been examined and determined to be without merit.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.