■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ILIA DIMITROV, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 11, 1985, convicting him of rape in the first degree, sexual abuse in the first degree (three counts), and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a native of Bulgaria, contends on appeal that the trial court erred in denying without a hearing his motion to set aside the verdict. Specifically, he claims that the conditions of his incarceration during the trial precluded defense counsel's use of a Bulgarian interpreter at the detention facility, so that he was unable to communicate with his attorney at the time and was therefore denied the effective assistance of counsel. He further alleges that the incompetency of the interpreters used during the proceedings deprived him of a fair trial. The record, however, supports the finding of the trial court that the defendant had some knowledge of English and was able to effectively communicate in English without the assistance of an interpreter. Since defense counsel was not otherwise prevented from interviewing his client in the evening at the facility, the claim of ineffective assistance is without merit. There is, moreover, no basis in the record upon which to conclude that the interpreters at trial were unable to perform their duties competently. We therefore find that the court properly denied the defendant's motion to set aside the verdict.

The defendant's challenge to the imposition of a mandatory surcharge upon his conviction is premature at this juncture (see, People v West, 124 Misc 2d 622; People v Fleming, 134 AD2d 610; People v Bethea, 133 AD2d 836).

Finally, we find that the sentence of 6 to 18 years' imprison-

ment imposed with respect to the rape count was not excessive. Thompson, J. P., Rubin, Eiber and Sullivan, JJ., concur.