■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER J. BONAVITA, JR., Appellant. [705 NYS2d 96] —Mercure, J. Appeal from a judgment of the County Court of Ulster County (Sirkin, J.), rendered May 1, 1998, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Just prior to the commencement of jury selection, defendant entered a counseled plea of guilty to a single count of robbery in the first degree in full satisfaction of a six-count indictment

arising out of defendant's participation with two others in the May 9, 1997 burglary of a residence and the forcible theft of property from its inhabitant. The plea was entered with the understanding, explicitly set forth on the record, that defendant was to be sentenced to an indeterminate prison term of 5 to 10 years, to be served consecutively to a sentence that defendant was already serving. Sentenced in accordance with the plea bargain, defendant now appeals.

We affirm. The contention that, absent compliance with the procedures set forth in CPL 400.21, County Court was not authorized to sentence defendant as a second felony offender is patently meritless, for the record discloses that defendant was not sentenced as a second felony offender. We also note that, under the sentencing scheme then in effect, a prison term of 5 to 10 years was well within the range of permissible sentences for an initial class B violent felony offense (*see*, Penal Law § 70.02 [1] [a]; former § 70.02 [2] [a]; [3] [a]; [4]; L 1998, ch 1, § 44).

We are also unpersuaded by the contention that defendant was denied effective assistance of counsel by virtue of his counsel's failure to argue for concurrent sentencing pursuant to Penal Law § 70.25 (2-b). As previously noted, defendant's very favorable plea bargain provided for consecutive sentencing and he expressed no interest in being relieved of its terms. To the contrary, defendant indicated at the time he entered his plea that he had fully discussed the matter with his counsel and was satisfied with the agreed sentence (*see*, *People v Soto*, 259 AD2d 904), indeed stating that it was "the only promise [he] need[ed]".

Cardona, P. J., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.