■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAO-SHENG LIN, Appellant. [855 NYS2d 729]—

Carpinello, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered March 21, 2005, upon a verdict convicting defendant of the crimes of kidnapping in the first degree, burglary in the first degree (two counts) and criminal use of a firearm in the first degree.

Shortly after 9:00 A.M. on November 20, 2003, defendant, a distant relative and former business partner of Tao Lin, walked into the kitchen of Lin's restaurant with two others demanding $150,000. Defendant, who was armed with a gun and a knife, claimed that Lin owed him money as a result of their failed business dealings. He and his cohorts proceeded to tie up Lin and Lin's wife. They also roused and similarly bound two restaurant workers who were asleep in Lin's residence above the restaurant.

After scavenging the restaurant and residence for money, producing some cash, defendant demanded that Lin accompany

him to a nearby bank to withdraw $150,000. Lin was told that his wife would be killed if he did not produce this sum in short order. Before defendant and Lin got to the bank, Lin's wife was able to escape and summon help. This incident resulted in a 20-count indictment against defendant charging him with one count of kidnapping in the first degree and various other counts and degrees of unlawful imprisonment, robbery, burglary, criminal use and possession of a firearm, conspiracy and coercion. Of the 10 counts ultimately considered by the jury, defendant was found guilty of kidnapping in the first degree, burglary in the first degree (two counts) and criminal use of a firearm in the first degree.* He now appeals.

First, we are unpersuaded by defendant's contention that his conviction for kidnapping Lin's wife is precluded under the merger doctrine. The merger doctrine is intended to preclude a conviction for kidnapping based on acts which are "so much the part of another substantive crime that the substantive crime could not have been committed without such acts and that independent criminal responsibility may not fairly be attributed to them" (*People v Gonzalez*, 80 NY2d 146, 153 [1992] [internal quotation marks and citation omitted]). Here, after defendant's attempt to locate a sizeable amount of cash from Lin's premises proved fruitless, Lin was repeatedly told that his wife, who was restrained and detained at gunpoint, would be killed if he did not withdraw a large sum of money from his bank within a set period of time (*see* Penal Law §§ 135.00, 135.25 [1]). Indeed, Lin was led to a nearby bank by defendant, who was armed with a knife, and who repeated the threats against his wife while in constant contact with his cohorts via a cell phone. This conduct was more than a "minimal intrusion necessary and integral" to any other crime committed that morning, including the attempted robbery of Lin (*People v Gonzalez*, 80 NY2d at 153; *accord People v Rosado*, 26 AD3d 532, 533 [2006], *lv denied* 7 NY3d 762 [2006]; *People v Passino*, 25 AD3d 817, 818 [2006], *lv denied* 6 NY3d 816 [2006]). Moreover, the wife's fortuitous escape from her captors before any money was actually withdrawn from the bank did not preclude the kidnapping conviction. Accordingly, County Court properly viewed the restraint of Lin's wife at gunpoint for the purpose of extorting a large sum of money as a discrete crime, and there was sufficient evidence to support defendant's conviction for kidnapping in the first degree (*see People v Gonzalez, supra*; *see e.g. People v Passino, supra*; *People v Howard*, 305 AD2d 869, 871 [2003], *lv*

---

* He was acquitted of four counts of robbery in the first degree and two lesser included counts of robbery in the second degree.

*denied* 100 NY2d 583 [2003]; *People v Dinsio*, 286 AD2d 517 [2001], *lv denied* 97 NY2d 703 [2002], *cert denied* 536 US 942 [2002]; *see also People v Pellot*, 105 AD2d 223 [1984], *lv denied* 64 NY2d 1022 [1985]).

Defendant's remaining contentions are likewise without merit. Upon our review of the record, we find no basis to conclude that the interpreters used during the trial were incompetent or that any error in translation occurred such that defendant was denied a fair trial (*see People v Noor*, 302 AD2d 480 [2003], *lv denied* 100 NY2d 541 [2003]; *People v Hubbard*, 184 AD2d 781 [1992], *lv denied* 80 NY2d 1027 [1992]; *People v Frazier*, 159 AD2d 278 [1990], *lv denied* 76 NY2d 857 [1990]; *People v Dimitrov*, 137 AD2d 552 [1988], *lv denied* 71 NY2d 968 [1988]; *People v Rolston*, 109 AD2d 854, 855 [1985]; *cf. People v Pavao*, 59 NY2d 282 [1983]). We are further unpersuaded that County Court abused its discretion in denying a motion for an adjournment by defendant's newly retained attorney (*see People v Singleton*, 41 NY2d 402, 405 [1977]; *People v Bryan*, 46 AD3d 1219, 1221 [2007]), particularly since previous adjournments had been granted in the case, defendant had been given a reasonable amount of time to obtain new counsel and this newly retained attorney, who secured an acquittal on a majority of the charges submitted to the jury, had adequate time to prepare for trial (*see People v Arroyave*, 49 NY2d 264 [1980]; *People v Dashnaw*, 37 AD3d 860, 863 [2007], *lv denied* 8 NY3d 945 [2007]; *People v Rosica*, 171 AD2d 931, 933 [1991], *lv denied* 77 NY2d 1000 [1991]; *People v Danaher*, 115 AD2d 905, 906-907 [1985]). Next, defendant's pro se claim of judicial bias is unpreserved for review since he failed to make a motion or otherwise request County Court to recuse itself from the case (*see People v Prado*, 4 NY3d 725, 726 [2004]; *People v Bigwarfe*, 35 AD3d 904, 905 [2006], *lv denied* 8 NY3d 878 [2007]; *People v Rizzo*, 5 AD3d 924 [2004], *lv denied* 3 NY3d 646 [2004]; *People v Darling*, 276 AD2d 922, 924 [2000], *lv denied* 96 NY2d 733 [2001]). Were we to consider the argument, we would nevertheless find it unpersuasive.

Finally, we reject defendant's additional pro se argument that his statement to police should have been suppressed because his limited ability to speak and understand English prevented him from understanding his *Miranda* rights. On this disputed issue, County Court specifically credited the testimony of the two members of the State Police who were involved in taking defendant's statement. According to the testimony of these officers, defendant was able to converse with them in English, provided appropriate and succinct answers to all questions and

never once gave an indication of a problem with comprehension. Neither officer felt that there was a need for an interpreter at any time. Under these circumstances, County Court did not err in refusing to suppress defendant's statement (*see People v Mora*, 36 AD3d 1142 [2007], *lv denied* 8 NY3d 988 [2007]).

Cardona, P.J., Spain, Kavanagh and Stein, JJ., concur. Ordered that the judgment is affirmed.