Kane, J.
Appeal from a judgment of the County Court of Ulster County (Jacon, J.), rendered August 14, 2006, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the third degree.
After police received a report of the threatened use of a gun at a local bar, police pulled over defendant, who was driving a vehicle matching the subject description. During the investigation, an officer shined a light in the windshield of defendant’s vehicle and spotted a gun grip protruding from under the driver’s seat. The officer retrieved the gun and defendant subsequently admitted that it was his. After County Court denied defendant’s request to suppress both the gun and his statements, defendant pleaded guilty to one count of criminal possession of a weapon in the third degree and was sentenced to a prison term of five years, followed by five years of postrelease supervision. Defendant now appeals.
Initially, we reject defendant’s contention that County Court improperly credited the testimony of the officer who discovered the gun, inasmuch as credibility determinations made by the court at the suppression hearing should be accorded deference and the record amply supports the court’s determination (see People v Langenbach, 38 AD3d 1105, 1105 [2007], lv denied 9 NY3d 866 [2007]; People v Craft, 36 AD3d 1145, 1148 [2007], lv denied 8 NY3d 945 [2007]).
Likewise, we find unpersuasive defendant’s contention that County Court erred in denying defendant’s request to keep the suppression hearing open for additional evidence. The decision of whether to grant an adjournment is generally committed to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion (see People v Mao-Sheng Lin, 50 AD3d 1251,1253 [2008], lv denied 10 NY3d 961 [2008]; People v Beekman, 193 AD2d 842, 843-844 [1993], lv denied 82 NY2d 713 [1993]). Here, defendant contends that the court abused its discretion by refusing an adjournment to secure the testimony of Jamel Bell, who was present when defendant was apprehended. Inasmuch as defendant had taken no steps to secure Bell’s attendance prior to his recent release on bail on unrelated charges, his attorney did not know his whereabouts, and defen *894 dant had unsuccessfully checked three addresses and had information that Bell might have fled to New York City, we find that County Court did not abuse its discretion in denying the requested adjournment (see People v Foy, 32 NY2d 473, 478 [1973]; People v Soulia, 263 AD2d 869, 873 [1999], lv denied 94 NY2d 829 [1999]; see also People v Iglesias, 184 AD2d 432, 432 [1992], lv denied 80 NY2d 930 [1992]). Additionally, we do not find that the court erred in denying an adjournment for defendant to supply additional evidence, inasmuch as one adjournment had already been granted, and defendant had more than adequate time to prepare for the suppression hearing (see People v Mao-Sheng Lin, 50 AD3d at 1253; see also People v Brown, 305 AD2d 1068, 1069-1070 [2003], lv denied 100 NY2d 579 [2003]).
We have examined defendant’s remaining arguments and find them to be without merit.
Mercure, J.E, Spain, Rose and Stein, JJ., concur. Ordered that the judgment is affirmed.