■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WATSON, Appellant. [878 NYS2d 493]—

---

Malone Jr., J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered June 15, 2007, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree, and (2) by permission, from an order of said court, entered April 11, 2008, which, among other things, denied defendant's motion pursuant to CPL 440.20 to set aside the sentence, after a hearing.

In satisfaction of a three-count indictment, defendant agreed to plead guilty to criminal sale of a controlled substance in the fifth degree. During the plea proceedings, County Court expressed its understanding that, in exchange for his plea, defendant would be sentenced to the "least possible sentence" of $2^{1}/_{2}$ years in prison, to be followed by two years of postrelease supervision. Defendant concurred and proceeded to plead guilty to the charge. In accordance with the plea agreement, he was later sentenced, as a second felony offender, to $2^{1}/_{2}$ years in prison, to be followed by two years of postrelease supervision.

Thereafter, defendant made two pro se motions pursuant to CPL article 440 to vacate the judgment of conviction and to set aside the sentence. At the ensuing hearing on the motions, defendant asserted that, under the terms of the plea agreement, he was to be sentenced as a nonviolent second felony offender to the most lenient sentence for a class D felony, which was $1^{1}/_{2}$ years in prison, but was instead mistakenly sentenced as a violent second felony offender to $2^{1}/_{2}$ years in prison. Upon reviewing the transcript of the plea proceedings, County Court found that there was arguably a mistake of fact as to the agreed-upon sentence upon which defendant may have relied in entering his plea. Consequently, County Court offered defendant the opportunity to withdraw his plea. Defendant, however, declined to do so. County Court, in turn, denied defendant's motions. He now appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motions.

Defendant asserts that his guilty plea was not knowing, voluntary and intelligent because he was under the mistaken belief that he would be sentenced to the most lenient sentence of $1^{1}/_{2}$ years in prison when he entered it. The record confirms that there was some confusion concerning the most lenient sentence applicable under the circumstances and that it was not the $2^{1}/_{2}$-

year prison term ultimately imposed. Nevertheless, defendant expressly agreed to the 2¹/₂-year prison term during the plea colloquy and inexplicably declined County Court's invitation to withdraw his plea. In view of this, we conclude that the issue is not preserved for our review (*see People v Fennell*, 284 AD2d 795, 795 [2001]; *see also People v Young*, 301 AD2d 754, 754 [2003], *lv denied* 99 NY2d 634 [2003]).

As for defendant's claim that the sentence imposed is harsh and excessive, we disagree. Defendant has a lengthy criminal record and, by pleading guilty, was able to avoid additional prison exposure if convicted after trial. Under these circumstances, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Phillips*, 41 AD3d 969, 970 [2007]; *People v Qasem*, 39 AD3d 960, 961 [2007], *lv denied* 10 NY3d 770 [2008]). We have considered defendant's remaining contentions, including his claim of ineffective assistance of counsel, and find them to be without merit.

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment and order are affirmed.