(February 11, 2010)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER MILLER, Appellant. [896 NYS2d 183]—

Spain, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 7, 2007, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree.

Defendant was charged in an indictment with burglary in the second degree and grand larceny in the fourth degree as the result of an incident in May 2007 when he and another person entered a residence and stole property from the home's owner. Despite initial confusion regarding the People's plea offer, defendant ultimately pleaded guilty to attempted burglary in the second degree and was sentenced, in accordance with the negotiated plea agreement, to three years in prison followed by three years of postrelease supervision. He now appeals and we affirm.

Defendant failed to preserve his challenge to the voluntariness of his plea by his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Dixon*, 66 AD3d 1237, 1237 [2009]). Moreover, after defendant expressed concern—at a hearing held one month following the plea—over having pleaded guilty to a violent felony, County Court adjourned the proceedings for two weeks to provide defendant an opportunity to discuss the matter with his attorney. When the parties reconvened, defendant informed County Court that he had fully discussed his concerns with counsel and that he

wished to proceed under the terms of the plea agreement. Under such circumstances, we conclude that the issue is not preserved (*see People v Watson*, 62 AD3d 1032, 1033-1034 [2009]). In any event, defendant's contention is unavailing. The plea minutes reveal "that defendant was apprised of his rights, evidenced an understanding thereof, denied that he had been threatened or coerced, stated that he had sufficient time to confer with counsel and indicated that he wished to plead guilty" (*People v Smith*, 56 AD3d 894, 895 [2008], *lv denied* 12 NY3d 788 [2009]). Contrary to defendant's suggestion, County Court had no obligation to explore all possible defenses that might be waived by his plea where his assertions during the colloquy failed to reveal that he was entitled to any specific defense (*see People v Wagoner*, 30 AD3d 629, 629-630 [2006]). Accordingly, we would find defendant's plea to be knowing, intelligent and voluntary.

Defendant's assertion that he was denied the effective assistance of counsel is similarly unpreserved by his failure to move to withdraw the plea or vacate the judgment of conviction (*see People v Lopez*, 52 AD3d 852, 853 [2008]). Were we to review the claim, we would nonetheless find it to be without merit. Indeed, the record reflects that counsel negotiated an advantageous plea agreement and that, upon our examination of the totality of the circumstances, defendant was provided with meaningful representation (*see People v Buskey*, 62 AD3d 1164, 1165 [2009]; *People v Riddick*, 40 AD3d 1259, 1261 [2007], *lv denied* 9 NY3d 925 [2007]). Finally, we are unpersuaded by defendant's contention that the agreed upon three-year prison sentence is harsh and excessive and discern neither the existence of extraordinary circumstances nor an abuse of discretion warranting its reduction in the interest of justice (*see People v Strauss*, 16 AD3d 707, 708 [2005]).

Mercure, J.P., Rose, Lahtinen and McCarthy, JJ., concur. Ordered that the judgment is affirmed.