■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY CARROWAY, Appellant. [922 NYS2d 632]—

McCarthy, J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered December 9, 2008, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fourth degree.

Defendant pleaded guilty to criminal possession of a controlled substance in the fourth degree in exchange for an agreed-upon prison sentence of five years followed by three years of postrelease supervision. At sentencing, defendant moved to withdraw his plea. Based upon some confusion as to whether the prosecutor had mentioned at the plea hearing the potential for persistent felony offender sentencing—which was not applicable in this case—and whether that statement may have improperly induced defendant's plea, County Court offered defendant a reduced sentence if he waived the right to appeal that issue. When defendant attempted to bargain for an even lower sentence, the court stated, "If [defendant] wants to withdraw his plea today, that's fine, it goes back on the trial calendar. We are through negotiating. It's the original offer or nothing." Defense counsel then informed the court that defendant would proceed with the five-year sentence. Counsel acknowledged defendant's status as a second felony offender and the court sentenced him to five years in prison followed by three years of postrelease supervision. Defendant appeals.

Defendant contends that County Court should have permitted him to withdraw his plea. The court did permit him to do so, but defendant instead chose to adhere to the original offer. Thus, he cannot now complain of the court's actions in that regard. Having abandoned his motion to withdraw his plea, defendant did not preserve the argument that his plea was involuntary (*see People v Miller*, 70 AD3d 1120, 1120-1121 [2010], *lv denied* 14 NY3d 890 [2010]; *People v Watson*, 62 AD3d 1032, 1033-1034 [2009]).

Defendant was properly sentenced as a second felony offender. By not controverting the legitimacy of his prior conviction at sentencing or moving to vacate the judgment or sentence, he failed to preserve this argument (*see People v Bynum*, 68 AD3d

1348, 1350 [2009], *lv denied* 14 NY3d 798 [2010]). We decline to exercise our interest of justice jurisdiction with respect to this aspect of the sentence because County Court and the prosecutor substantially complied with CPL 400.21 (*see id.*). Finally, County Court imposed the agreed-upon sentence, which we do not find harsh or excessive considering that defendant has a serious criminal history and absconded after his arraignment on the present indictment.

Spain, J.P., Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.