■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KASSEEM WASHINGTON, Appellant. [931 NYS2d 787]—

Garry, J.

The victim alleged that she was walking in the City of Schenectady, Schenectady County, when an assailant threatened that he had a knife, dragged her into a nearby park, and raped her. She escaped and was treated later that night at a hospital emergency room, where a forensic examination was performed. Defendant was arrested after DNA samples obtained during the examination were matched with records of his DNA in a police database. He was indicted on one count of rape in the first degree and convicted as charged after a jury trial. County Court sentenced him as a second felony offender to a prison term of 18 years and five years of postrelease supervision. Defendant appeals.

Initially, defendant contends that his conviction is against the weight of the evidence, asserting that the People did not establish that he had intercourse with the victim by forcible compulsion (see Penal Law § 130.00 [8]; § 130.35 [1]). At trial, defendant admitted that he and the victim engaged in intercourse on the night in question, but he testified that she consented to the encounter in exchange for drugs and that it took place in a hotel room rather than the park. Since a different verdict would not have been unreasonable based on this testimony, this Court must "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]; accord People v Houghtaling, 82 AD3d 1493, 1494 [2011], lv denied 17 NY3d 806 [2011]).

The victim testified that as she was walking on her way to a nearby store, two men attempted to entice her into the park. She ignored them, but upon her return, one of them seized her, dragged her into the park to some playground equipment, held down her hands and raped her. When he released her, she fled and hid in a nearby backyard before knocking on a door and asking for assistance. The witness who answered the door corroborated this account in part, testifying that the victim was

trembling and crying as she explained that she had been raped in the park, and that her clothing was disarranged and dirty. The examining nurse offered further corroboration, testifying, among other things, that the victim had to pause several times to keep from crying as she said that she had been attacked and raped. Although the victim's testimony contained certain inconsistencies, these were largely collateral to the primary issues and did not render her testimony "so unworthy of belief as to be incredible as a matter of law" (*People v Scanlon*, 52 AD3d 1035, 1039 [2008], *lv denied* 11 NY3d 741 [2008]). Notably, defendant's testimony also included numerous inconsistencies and internal contradictions, and the version of events that he gave at trial differed from accounts he had previously given to police investigators. Further, while defendant testified that the victim used drugs on the night of the attack, the nurse who examined her testified that she did not appear to be impaired by alcohol or drugs. As to his claim that the victim's lack of injury was inconsistent with her account of a forcible attack, the nurse testified that irritation in her vaginal area was consistent with her description of the rape, and the victim testified that she did not resist her assailant because he had told her that he had a knife (*compare People v Stearns*, 72 AD3d 1214, 1216 [2010], *lv denied* 15 NY3d 778 [2010]). The conflicting testimony presented a credibility issue to be resolved by the jury (*see People v Bell*, 80 AD3d 891, 892 [2011]; *People v Mitchell*, 57 AD3d 1308, 1309 [2008]). According appropriate deference to its determination and viewing the evidence in a neutral light, we conclude that the weight of the evidence supports the verdict (*see People v Bleakley*, 69 NY2d at 495; *People v Stearns*, 72 AD3d at 1216; *People v Lopez-Aguilar*, 64 AD3d 1037, 1038 [2009], *lv dismissed* 13 NY3d 940 [2010]).

Defendant next contends that he was deprived of a fair trial by an erroneous evidentiary ruling. Specifically, County Court ruled before summation that a statement made by the victim during her hospital treatment would be redacted from her medical records. After closing arguments, the court reversed its ruling and permitted the records to be submitted to the jury without the redaction. Defendant asserts that the court's initial ruling deprived him of the opportunity to argue during summation that the statement in the medical records was inconsistent with the victim's trial testimony, but consistent with his own testimony. However, upon reversing its ruling, the court stated that it would grant a mistrial on the basis of the error if either defendant's counsel or the prosecutor moved for that relief. Neither did so; thus, the issue is unpreserved (*cf. People v Heide*, 84 NY2d 943, 944 [1994]; *People v Carpenter*, 52 AD3d 1050, 1051

[2008], *lv denied* 11 NY3d 735 [2008], *cert denied* 556 US —, 129 S Ct 1613 [2009]). In any event, in view of the limited prejudice to defendant and the extensive credible evidence corroborating the victim's testimony, we find that the error was harmless (*see People v Crimmins*, 36 NY2d 230, 241-243 [1975]; *see generally People v Lindsey*, 75 AD3d 906, 908 [2010], *lv denied* 15 NY3d 922 [2010]).

We reject defendant's additional contention that his trial counsel's failure to move for a mistrial deprived him of the effective assistance of counsel. This claim required defendant to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's allegedly deficient conduct" (*People v Caban*, 5 NY3d 143, 152 [2005], quoting *People v Rivera*, 71 NY2d 705, 709 [1988]; *accord People v Garrow*, 75 AD3d 849, 852 [2010]). Here, defendant's counsel could reasonably have determined that the risk of retrying the case before a different panel of jurors was greater than the prejudice resulting from counsel's inability to discuss the victim's statement during summation. Further, counsel could have concluded that defendant would be damaged by drawing attention to the statement, in which the victim described a second forcible sexual act in addition to the offense with which defendant was charged (*see generally People v Rivera*, 71 NY2d at 709; *People v Knox*, 80 AD3d 887, 889 [2011], *lv denied* 16 NY3d 860 [2011]; *People v Jackson*, 48 AD3d 891, 893-894 [2008], *lv denied* 10 NY3d 841 [2008]). Although an acquittal did not result, this Court will not "second-guess [such] reasonable strategy" (*People v Knox*, 80 AD3d at 889; *see People v Berroa*, 99 NY2d 134, 138 [2002]; *People v McCall*, 75 AD3d 999, 1002 [2010], *lv denied* 15 NY3d 894 [2010]).

Defendant next contends that he was improperly sentenced as a second felony offender in that the predicate felony statement was not provided to him until after sentencing had begun and, once received, County Court did not explicitly offer him an opportunity to controvert claims contained in it (*see* CPL 400.21). Defendant failed to preserve this claim by objecting at the time of sentencing (*see People v Califano*, 84 AD3d 1504, 1506 [2011], *lv denied* 17 NY3d 805 [2011]; *People v Carroway*, 84 AD3d 1501, 1501-1502 [2011], *lv denied* 17 NY3d 805 [2011]), and the record demonstrates that, in fact, he had a meaningful opportunity to review and challenge the statement. As we find that there was substantial compliance with CPL 400.21, no modification is warranted in the interest of justice (*see People v Califano*, 84 AD3d at 1506-1507; *People v Bynum*, 68 AD3d 1348, 1350-1351 [2009], *lv denied* 14 NY3d 798 [2010]).

Finally, defendant's contention that his sentence is harsh and excessive is unavailing. In view of his criminal history—including, among other offenses, two prior felonies and a misdemeanor conviction arising from his relationship with a 13-year-old girl—as well as the violent and serious nature of the crime, we find no abuse of discretion or extraordinary circumstances warranting a reduction (*see People v Appleby*, 79 AD3d 1533, 1534 [2010]). Nor does the record support the claim that County Court imposed a long sentence in retaliation for his rejection of a plea offer and decision to proceed to trial. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*People v Chilson*, 285 AD2d 733, 735 [2001], *lvs denied* 97 NY2d 640 [2001], 97 NY2d 752 [2002], quoting *People v Simon*, 180 AD2d 866, 867 [1992], *lv denied* 80 NY2d 838 [1992]; *accord People v Molina*, 73 AD3d 1292, 1293 [2010], *lv denied* 15 NY3d 807 [2010]).

Peters, J.P., Spain, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.