By pleading guilty, the defendant forfeited his challenge to the indictment as containing multiplicitous counts (see People v Nichols, 32 AD3d 1316, 1317 [2006]; People v Nelson, 266 AD2d 730, 731 [1999]), as well as his claim that counsel was ineffective for failing to preserve his challenge to the indictment as containing multiplicitous counts, since such a claim does not directly involve the plea bargaining process (see People v Rodriguez-Ovalles, 74 AD3d 1368, 1368-1369 [2010]; People v Perazzo, 65 AD3d 1058, 1059 [2009]).
The defendant’s challenge to his adjudication as a second violent felony offender is unpreserved for appellate review (see People v Washington, 89 AD3d 1140, 1142 [2011]; People v Califano, 84 AD3d 1504, 1506 [2011]; People v Hargroves, 27 AD3d 765 [2006]). In any event, although the Supreme Court did not specifically ask the defendant if he wished to controvert the allegations in the second violent felony offender statement, inasmuch as the defendant admitted the allegations in the statement and has not alleged any grounds to controvert it, this was a harmless oversight (see People v McAllister, 47 AD3d 731, 731-732 [2008]; People v Flores, 40 AD3d 876, 878 [2007]).
The defendant’s remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Balkin, Chambers and Miller, JJ., concur.