Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered December 5, 2012, convicting him of attempted criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence.
Ordered that the judgment is affirmed.
As the People correctly concede, the defendant’s waiver of his right to appeal was invalid (see People v Finnegan, 112 AD3d 847 [2013]; People v Gil, 109 AD3d 484 [2013]) and, thus, does not foreclose his challenge to the procedures the County Court utilized in adjudicating him a second felony offender. However, the defendant’s challenge is unpreserved for appellate review (see People v Chase, 101 AD3d 1141 [2012]; People v Washington, 89 AD3d 1140, 1142 [2011]). In any event, the defendant’s challenge is without merit. Although the County Court did not specifically ask the defendant if he wished to controvert the allegations in the second felony offender statement, he acknowledged that he was the person identified in the statement, that he had previously been convicted after trial, that his conviction had not been reversed on appeal, and that he had no basis for challenging the legality or constitutionality of that conviction. Moreover, on appeal, the defendant has not alleged any grounds to controvert the second felony offender statement (see People v Jackson, 114 AD3d 807 [2014]). Under these circumstances, the County Court’s omission was a harmless oversight (see People v Chase, 101 AD3d at 1141; People v McAllister, 47 AD3d 731, 731-732 [2008]; People v Flores, 40 AD3d 876, 878 [2007]).
Mastro, J.P, Leventhal, Chambers and Austin, JJ., concur.