*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: January 28, 2016                    106722
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

HESOID S. WHITE,
                    Appellant.
_____

Calendar Date:   December 8, 2015

Before:  Peters, P.J., McCarthy, Egan Jr. and Devine, JJ.

_____

        Keeley A. Maloney, Albany, for appellant.

        James E. Conboy, District Attorney, Fonda (William J. Mycek
of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Montgomery
County (Catena, J.), rendered April 4, 2014, convicting defendant
upon his plea of guilty of the crime of attempted burglary in the
second degree.

        Defendant entered the unlocked residence of a sleeping
woman and removed certain items of personal property.  A neighbor
who witnessed the unlawful entry alerted police and defendant was
apprehended.  In satisfaction of a three-count indictment, he
pleaded guilty to attempted burglary in the second degree.  He
was thereafter sentenced, in accordance with the plea agreement,
to 3½ years in prison, to be followed by three years of
postrelease supervision.  He now appeals.

        Defendant's sole contention is that the sentence is harsh
and excessive.  Initially, insofar as County Court failed to

advise defendant that his right to appeal was separate and distinct from the other rights that he was forfeiting by pleading guilty (see People v Zabawczuk, 128 AD3d 1267, 1268-1269 [2015], lv denied 26 NY3d 937 [2015]; People v Labaff, 127 AD3d 1471, 1471 [2015], lv denied 26 NY3d 931 [2015]), his waiver of appeal is invalid and does not preclude him from challenging the severity of the sentence. Nevertheless, we find no reason to disturb the sentence imposed. Defendant agreed to the sentence as part of the plea agreement and it was significantly less than he could have received if convicted after trial. In addition, his criminal record reveals that this is his fourth criminal conviction in as many years. Consequently, we find no extraordinary circumstances nor any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Whitted, 117 AD3d 1179, 1182-1183 [2014], lv denied 23 NY3d 1026 [2014]; People v Miller, 70 AD3d 1120, 1121 [2010], lv denied 14 NY3d 890 [2010]).

Peters, P.J., McCarthy, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court