*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                105666
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                   MEMORANDUM AND ORDER

JOHN C. BORASKY,
                    Appellant.
_____

Calendar Date:  March 23, 2016

Before:  Peters, P.J., Lahtinen, Rose, Lynch and Aarons, JJ.

_____

        Albert F. Lawrence, Greenfield Center, for appellant.

        Alexander Lesyk, Special Prosecutor, Norwood, for
respondent.

_____

Peters, P.J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered January 15, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment.

        Defendant pleaded guilty to attempted burglary in the
second degree and was sentenced to five years of probation and
ordered to pay restitution.  Subsequently, defendant admitted to
violating multiple conditions of his probation.  Thereafter,
County Court revoked defendant's probation and resentenced him to
the agreed-upon prison term of 5½ years followed by three years
of postrelease supervision and ordered that the balance of the
monetary restitution imposed at the original sentence be reduced
to a judgment.  Defendant now appeals.

We affirm.  We are unpersuaded by defendant's contention that the agreed-upon sentence was harsh and excessive and the record does not reflect any extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Fusco, 91 AD3d 985, 986 [2012]; People v Kornell, 85 AD3d 1449, 1450 [2011], lv denied 17 NY3d 860 [2011]).  To the extent that defendant challenges the amount of restitution, we note that the restitution was imposed as part of the original conviction and sentence from which no appeal was taken (see People v Coy, 279 AD2d 794, 794 [2001]; People v Panek, 256 AD2d 1238, 1239 [1998], lv denied 93 NY2d 856 [1999]), and the "reimposition of the same restitution at resentencing does not, in our opinion, trigger a renewed right to a hearing" (People v Stedge, 250 AD2d 880, 880 [1998]).

Lahtinen, Rose, Lynch and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court