■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURA MUSELLA, Appellant. [50 NYS3d 612]—

---

Garry, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered December 16, 2014, convicting defendant upon her plea of guilty of the crime of attempted burglary in the second degree (two counts).

In October 2013, defendant was arraigned on numerous charges stemming from multiple burglaries that she committed earlier that year. Thereafter, in satisfaction of all then-pending charges and pursuant to a negotiated plea agreement, defendant waived indictment and pleaded guilty to a superior court information (hereinafter SCI) that charged her with two counts of attempted burglary in the second degree, a class D violent felony. In connection with her guilty plea, defendant also executed a written waiver of her right to appeal in open court. Consistent with the terms of the plea agreement, County Court imposed a prison sentence of five years on each count, to be served concurrently, followed by three years of postrelease supervision. County Court also ordered defendant to pay restitution in the amount of $28,000.65. Defendant now appeals.

Initially, we agree with defendant's contention that the appeal waiver was invalid. Our review of the plea colloquy reveals that County Court "failed to explain the significance of the waiver or articulate that an appeal waiver is 'separate and distinct from those rights automatically forfeited upon a plea of guilty' " (*People v Harris*, 121 AD3d 1423, 1424 [2014], *lv denied* 25 NY3d 989 [2015], quoting *People v Lopez*, 6 NY3d 248, 256 [2006]; *see People v Lemon*, 137 AD3d 1422, 1423 [2016], *lv denied* 27 NY3d 1135 [2016]; *People v Bouton*, 107 AD3d 1035, 1036 [2013], *lv denied* 21 NY3d 1072 [2013]). Although County Court confirmed that defendant, prior to executing the written appeal waiver in open court, had a chance to review the appeal waiver with her attorney and that the waiver was fully explained to her, the court did not discuss or explain to defendant on the record the separate and distinct appellate rights that defendant was waiving or confirm that she was aware that she was specifically waiving these rights. Although the written waiver of appeal executed by defendant included language expressing the rights that she was waiving beyond those given up by entering a guilty plea, as it is not evident from the plea colloquy that defendant was in fact aware of the separate and distinct nature of her appellate rights, we are unable to find that the waiver of the right to appeal was

knowingly and intelligently made (*see People v Lemon*, 137 AD3d at 1423; *People v Bouton*, 107 AD3d at 1036; *cf. People v Larock*, 139 AD3d 1241, 1242 [2016], *lv denied* 28 NY3d 932 [2016]; *People v Lewis*, 138 AD3d 1346, 1347 [2016], *lv denied* 28 NY3d 1073 [2016]).

Defendant claims that the SCI was jurisdictionally defective as it did not apprise defendant of the conduct that was the subject of the accusations, and that the SCI failed to identify the crime that she intended to commit in the dwellings that she entered during the commission of her crimes. We disagree. While defendant's claim that the SCI was jurisdictionally defective survives her guilty plea (*see People v Jackson*, 128 AD3d 1279, 1279 [2015], *lv denied* 26 NY3d 930 [2015]; *People v Brown*, 75 AD3d 655, 656 [2010]), the SCI here specified the Penal Law section under which defendant was charged and, thus, sufficiently apprised her of the crime intended to be charged (*see* CPL 200.15, 200.50 [7]; *People v Mackey*, 49 NY2d 274, 279 [1980]; *People v Darrell*, 145 AD3d 1316, 1318 [2016]; *People v Cruz*, 104 AD3d 1022, 1023-1024 [2013]; *People v Brown*, 75 AD3d at 656).

Next, given the invalid appeal waiver, defendant's challenge to the severity of the sentence imposed is properly before us for review. Nonetheless, in view of the serious nature of defendant's crimes and given that defendant received a sentence shorter than what could have been imposed under the terms of the plea agreement, we are unable to find any extraordinary circumstances or an abuse of discretion warranting a modification of the prison term in the interest of justice (*see People v Borasky*, 138 AD3d 1349, 1349 [2016]; *People v White*, 135 AD3d 1241, 1241 [2016]). Defendant's challenge to the amount of restitution ordered is unpreserved due to both her consent to the restitution amount as well as her failure to request a hearing or otherwise challenge the amount at the time of sentencing (*see People v Horne*, 97 NY2d 404, 414 n 3 [2002]; *People v Harris*, 139 AD3d 1244, 1246 and n 3 [2016], *lv denied* 28 NY3d 930 [2016]; *People v Smith*, 112 AD3d 1232, 1233 [2013], *lv denied* 22 NY3d 1203 [2014]; *People v Hulett*, 106 AD3d 1330, 1331 [2013], *lv denied* 22 NY3d 1139 [2014]; *cf. People v Lyman*, 119 AD3d 968, 970 [2014], *lv denied* 27 NY3d 1153 [2016]).

Finally, defendant's claim that the sentence imposed was the product of judicial bias is also not properly before us absent an appropriate motion or request made to County Court to recuse itself from the case (*see* CPL 470.05 [2]; *People v Prado*, 4 NY3d 725, 726 [2004]; *People v Mao-Sheng Lin*, 50 AD3d 1251, 1253

[2008], *lv denied* 10 NY3d 961 [2008]). In any event, our review of the record discloses no evidence of judicial bias, especially given that County Court expressly stated that it did not take into consideration its own experience with a burglary when pronouncing the sentence. Defendant's remaining contentions not addressed herein have been considered and found to be without merit.

McCarthy, J.P., Rose, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.