Rose, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered November 19, 2015, upon a verdict convicting defendant of the crime of arson in the fourth degree.
Defendant was charged by indictment with arson in the fourth degree, reckless endangerment in the first degree and criminal mischief in the second degree stemming from allegations that, at a time when he was separated and living apart from his estranged wife, he entered the marital residence in the early morning hours, roused her from her sleep and made sexual advances. When his advances were rejected, he was alleged to have angrily set his wife’s lingerie on fire in the bathtub, causing damage to the marital home and risk of injury or death to his wife and others sleeping in the home. Prior to trial, the charge of criminal mischief in the second degree was dismissed. Following a jury trial, defendant was convicted of arson in the fourth degree, but acquitted of reckless endangerment in the first degree and the lesser included offense of reckless endangerment in the second degree. Defendant was *1162 subsequently sentenced to a one-year jail term, and he now appeals.
Defendant’s contention that the evidence was legally insufficient to establish that he intentionally — as opposed to negligently — started the fire is unpreserved for our review inasmuch as he failed to specifically raise this issue in his motion for a trial order of dismissal at the close of the People’s proof (see People v Montford, 145 AD3d 1344, 1345 [2016]; see generally People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, if we were to consider the argument, we would view the evidence in the light most favorable to the People (see People v Denson, 26 NY3d 179, 188 [2015]) and conclude that there was a valid line of reasoning and permissible inferences from which the trier of fact could have found that, after the wife rejected defendant’s sexual advances, he angrily grabbed her lingerie from her dresser drawer, placed it in the bathtub and then set fire to a piece of her underwear with a lighter, saying, “if I can’t have you, no one can.” The evidence of the ensuing events permitted the jury to reasonably and logically find that defendant then placed the burning piece of underwear on the pile of lingerie in the bathtub, making his intent to start the fire that caused the damage clearly inferable (see Penal Law § 150.05; see generally People v Bracey, 41 NY2d 296, 301 [1977]). Contrary to defendant’s contention, the People did not rely exclusively on circumstantial evidence and, had they done so, “even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People” (People v Reichel, 110 AD3d 1356, 1363 [2013] [internal quotation marks, brackets and citations omitted], lv denied 22 NY3d 1090 [2014]).
We also reject defendant’s contention that his counsel was ineffective by failing to object to the testimony of the People’s expert witness that the fire was deliberately set. A single error rises to the level of ineffective assistance only in the rare instance when the error “ ‘involve [s] an issue that is so clear-cut and dispositive that no reasonable defense counsel would have failed to assert it, and it [is] evident that the decision to forgo the contention could not have been grounded in a legitimate trial strategy’ ” (People v Keschner, 25 NY3d 704, 723 [2015], quoting People v McGee, 20 NY3d 513, 518 [2013]; accord People v Flowers, 28 NY3d 536, 541 [2016]). Defendant argues that if his trial counsel had questioned the People’s *1163 expert regarding the “NFPA 921, Guide for Fire and Explosion Investigations,” counsel could have established that the expert failed to consider the alternate theory that the lit piece of underwear had ceased burning prior to being placed in the pile of lingerie in the bathtub and that it must have smoldered and rekindled later, thus establishing that defendant did not deliberately set the fire in the bathtub. Essentially, defendant argues on appeal that, while his actions caused the fire, he was merely negligent and had no conscious objective or purpose to intentionally start the fire.
Our review of the record, however, reveals that defense counsel’s theory at trial was that the underwear defendant lit in the bedroom had “extinguished” prior to the point that he placed it in the bathtub, but the wife then rekindled the flame after he left the house. In view of this plausible theory that the wife, who had recently initiated a divorce action against defendant, may have acted to obtain an advantage over him in the litigation of impending custody and equitable distribution issues, we find that defendant’s present argument amounts to no more than a disagreement with defense counsel’s legitimate, albeit unsuccessful, trial strategy, which “is insufficient to establish a lack of meaningful representation” (People v Hawkins, 130 AD3d 1298, 1305 [2015] [internal quotation marks and citation omitted], lv denied 26 NY3d 968 [2015]; see People v Gray, 27 NY3d 78, 84 [2016]; People v Beckingham, 116 AD3d 1298, 1300 [2014]). Further, in rejecting defendant’s hindsight disagreement, we note that his counsel obtained a dismissal of the criminal mischief charge and an acquittal on the two reckless endangerment charges that were submitted to the jury.
Finally, we are unpersuaded by defendant’s contention that the sentence imposed was harsh and excessive.* A review of the record establishes that, while County Court had the authority to sentence defendant to an indeterminate prison sentence with a maximum of four years (see Penal Law § 70.00 [2] [e]), the court exercised its discretion to impose an alternative definite sentence of one year in jail (see Penal Law § 70.00 [4]). In view of this, coupled with defendant’s prior criminal history and the circumstances surrounding this crime, we find no abuse of discretion or extraordinary circumstances warranting a reduction of his sentence in the interest of justice (see People v Abare, 86 AD3d 803, 806 [2011], lv denied 19 NY3d 861 [2012]; People v Mangan, 258 AD2d 819, 822 [1999], lv denied 93 NY2d *1164 927 [1999]). Defendant’s remaining contentions have been considered and determined to be lacking in merit.
Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.
Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).

 This Court granted defendant’s motion to stay execution of the judgment of conviction pending appeal and set bail at $75,000 (see CPL 460.50 [1]).