■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HOLMES, Appellant. [59 NYS3d 143]—

Rose, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered June 26, 2015, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the fourth degree.

On the evening of February 26, 2014, the victim returned

home from work and discovered that electronic devices and jewelry had been stolen from her home. Police officers immediately suspected that defendant had been involved in the theft because he had been found an hour and a half earlier on a neighboring property under suspicious circumstances. When police officers went to defendant's home, they observed him carrying the stolen electronics to his front door. Defendant was arrested and, when he was searched, the arresting officers found some of the stolen jewelry in the pockets of his pants. Defendant was then charged with criminal possession of stolen property in the fourth degree and resisting arrest. Following a jury trial, he was convicted of criminal possession of stolen property in the fourth degree, but acquitted of resisting arrest. Defendant now appeals.

Defendant contends that his conviction is not supported by legally sufficient evidence because the People failed to prove the value of the property and that he knew the property was stolen. This argument, however, is unpreserved for our review (*see People v McGowan*, 149 AD3d 1161, 1162 [2017], *lv denied* 29 NY3d 999 [2017]; *People v Coleman*, 144 AD3d 1197, 1198 [2016]). Nevertheless, because defendant also challenges the weight of the evidence, we will "evaluate whether the elements of the crime were proven beyond a reasonable doubt" (*People v Cherry*, 149 AD3d 1346, 1347 [2017] [internal quotation marks, brackets and citation omitted]; *see People v Danielson*, 9 NY3d 342, 349 [2007]). To find defendant guilty of criminal possession of stolen property in the fourth degree, the People were required to prove that defendant "knowingly possesse[d] stolen property, with intent to benefit himself or a person other than an owner thereof" and that the stolen property had a value in excess of $1,000 (Penal Law § 165.45 [1]; *see People v Robtoy*, 144 AD3d 1190, 1191 [2016], *lv denied* 28 NY3d 1150 [2017]). Although defendant contends that the People were required to adduce direct evidence establishing his knowing possession of stolen property, it is well settled that "a defendant's knowledge that property is stolen may be proven circumstantially, and the unexplained or falsely explained recent exclusive possession of the fruits of a crime allows a jury to draw a permissible inference that [the] defendant knew the property was stolen" (*People v Fauntleroy*, 108 AD3d 885, 886 [2013] [internal quotation marks and citation omitted], *lv denied* 21 NY3d 1073 [2013]; *see People v Cintron*, 95 NY2d 329, 332 [2000]; *People v Palmer*, 142 AD3d 1381, 1383 [2016], *lv denied* 28 NY3d 1074 [2016]).

Here, the People established that electronics and jewelry were stolen from the victim's home and that defendant was

found in exclusive possession of a majority of these items less than an hour after they were reported stolen. Two experts testified that the items in defendant's possession had a fair market value exceeding $1,000 and, although defendant contended that similar items were being sold on the Internet for less, the experts explained that any such discrepancy could be attributed to the fact that the Internet items were in different conditions than the items recovered from defendant. In addition to this proof, the People also established the suspicious circumstances under which defendant was found on the property of the victim's neighbor shortly before the theft was reported, including defendant's nervous demeanor, the dubious explanation he gave the neighbor for his presence on the property and his initial refusal to provide identification when he was confronted by the neighbor. At trial, defendant offered yet another explanation for his presence on the property that was markedly different than the explanation he provided to the neighbor the night of the incident. Defendant also testified to an elaborate series of events that he claimed resulted in his innocent possession of the stolen property.

Based upon defendant's testimony, a different verdict would not have been unreasonable had the jury credited his account (*see generally People v Danielson*, 9 NY3d at 348). However, after viewing the evidence in a neutral light and deferring to the jury's credibility determinations (*see generally People v Cooley*, 149 AD3d 1268, 1269 [2017]), we are satisfied that the evidence established that the value of the items exceeded $1,000 (*see People v Adams*, 8 AD3d 893, 894 [2004]) and that defendant had knowledge that the items were stolen (*see People v Waterford*, 124 AD3d 1246, 1246-1247 [2015], *lv denied* 26 NY3d 972 [2015]; *People v Leibert*, 71 AD3d 513, 514 [2010], *lv denied* 15 NY3d 752 [2010]; *People v Starks*, 70 AD3d 585, 586 [2010], *lv denied* 15 NY3d 757 [2010]; *People v Singh*, 35 AD3d 317, 317 [2006], *lv denied* 8 NY3d 927 [2007]). In addition, we reject defendant's assertion that the People were required to establish precisely how he came into possession of the stolen property or whether he was the person who burglarized the victim's home (*see* Penal Law § 165.45 [1]).

We are similarly unpersuaded by defendant's contention that improper remarks by the prosecutor during summation deprived him of a fair trial. To the extent that this claim is preserved for our review (*see People v Wynn*, 149 AD3d 1252, 1255-1256 [2017]), we agree with defendant that certain comments by the prosecutor during summation improperly shifted the burden of proof, but find that County Court's prompt and

thorough curative instructions ameliorated any resulting prejudice (*see People v VanVorst*, 118 AD3d 1035, 1037 [2014]; *People v Terry*, 85 AD3d 1485, 1487 [2011], *lv denied* 17 NY3d 862 [2011]). Moreover, even considering the challenged remarks, " 'viewing the summation as a whole, the prosecutor did not engage in a pervasive and flagrant pattern of misconduct so as to deprive defendant of a fair trial' " (*People v Cherry*, 149 AD3d at 1348 [brackets omitted], quoting *People v Collier*, 146 AD3d 1146, 1151 [2017]).

Finally, defendant's claim of judicial bias is unpreserved for our review inasmuch as he failed to make an appropriate motion before County Court or otherwise request that the court recuse itself (*see People v Prado*, 4 NY3d 725, 726 [2004]; *People v Musella*, 148 AD3d 1465, 1467-1468 [2017]; *People v Mao-Sheng Lin*, 50 AD3d 1251, 1253 [2008], *lv denied* 10 NY3d 961 [2008]). In any event, our review of the record fails to disclose any evidence of judicial bias (*see People v Darling*, 276 AD2d 922, 924 [2000], *lv denied* 96 NY2d 733 [2001]). Defendant's remaining claims have been reviewed and determined to be lacking in merit.

Garry, J.P., Lynch, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Ulster County for further proceedings pursuant to CPL 460.50 (5).