Pritzker, J.
 

 Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered December 17, 2015, convicting defendant upon her plea of guilty of the crime of attempted burglary in the second degree.
 

 Defendant waived indictment and agreed to be prosecuted by a superior court information charging her with attempted burglary in the second degree. She pleaded guilty to this crime and waived her right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, she was sentenced to 2V2 years in prison to be followed by two years of postrelease supervision. Defendant now appeals.
 

 Initially, we find that defendant’s waiver of the right to appeal is invalid given that County Court did not explain the separate and distinct nature of the waiver or ascertain that defendant fully understood its consequences (see People v Ortiz, 153 AD3d 1049, 1049 [2017]; People v Rock, 151 AD3d 1383, 1384 [2017], lv denied 30 NY3d 953 [2017]). As such, the waiver does not preclude the claims that defendant raises here, namely, that her counsel was ineffective and that her sentence is harsh and excessive.
 

 With regard to the former, defendant contends that she was denied the effective assistance of counsel because her counsel incorrectly represented to County Court that the sentence recommended in the presentence investigation report was the same as that included in the plea agreement and also did not diligently advocate for a lesser sentence. Although the record reveals that counsel made the inaccurate representation, defendant has not demonstrated that she was prejudiced insofar as she was sentenced in accordance with the negotiated plea agreement and did not express any desire to be relieved from its terms (see People v Doane, 145 AD3d 1088, 1090 [2016], lv denied 29 NY3d 997 [2017]; People v Bonavita, 270 AD2d 570, 571 [2000]). Moreover, the record reveals that counsel related to County Court the mitigating circumstances that were relevant to sentencing. In view of this, we find defendant’s claim to be without merit.
 

 With regard to her challenge to the severity of the sentence, defendant maintains that she should have been sentenced to a term of probation. We are not persuaded, given that defendant consented to the sentence imposed as part of the plea agreement and she has another criminal conviction. Based upon our review of the record, we find no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v White, 135 AD3d 1241 [2016]; People v Miller, 70 AD3d 1120, 1121 [2010], lv denied 14 NY3d 890 [2010]).
 

 Egan Jr., J.P., Lynch, Rose and Aarons, JJ., concur.
 

 Ordered that the judgment is affirmed.