People v Treceno (2018 NY Slip Op 02679)





People v Treceno


2018 NY Slip Op 02679


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

108634

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL TRECENO, Appellant.

Calendar Date: March 2, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.


G. Scott Walling, Slingerlands, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered September 18, 2015, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree. County Court sentenced defendant to the agreed-upon prison term of six years, to be followed by two years of postrelease supervision. Defendant appeals.
We affirm. Initially, defendant's waiver of the right to appeal is invalid, inasmuch as he was not advised that the right to appeal is separate and distinct from the rights automatically forfeited by pleading guilty (see People v Cadet, 144 AD3d 1335, 1336-1337 [2016], lv denied 28 NY3d 1143 [2017], cert denied ___
US ___, 138 S Ct 112 [2017]; People v Maxwell, 142 AD3d 739, 740 [2016]). As such, his challenge to the severity of his sentence is not precluded from review. Nevertheless, defendant agreed to the imposed sentence as part of the plea agreement, which is within the statutory parameters (see Penal Law § 70.70 [2] [a] [i]), and we discern no extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see CPL 470.15 [3] [c]; People v Dumas, 155 AD3d 1256, 1257 [2017]; People v Miller, 70 AD3d 1120, 1121 [2010], lv denied 14 NY3d 890 [2010]).
McCarthy, J.P., Egan Jr., Devine, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.