People v Rennie-Russell (2022 NY Slip Op 00468)





People v Rennie-Russell


2022 NY Slip Op 00468


Decided on January 27, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 27, 2022

109180B
[*1]The People of the State of New York, Respondent,
v
Jerontay Rennie-Russell, Appellant.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Gail B. Rubenfeld, Monticello, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Colangelo, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered January 20, 2017, convicting defendant upon his plea of guilty of the crime of criminal possession of a weapon in the second degree.
Defendant was afforded the opportunity to plead guilty to a single-count indictment charging him with criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of no more than 10 years followed by five years of postrelease supervision — subject to any additional information provided to County Court prior to sentencing. In the event that County Court could not honor the sentencing cap, it would afford defendant the opportunity to withdraw his plea. The plea agreement also required defendant to waive his right to appeal. Against that backdrop, defendant pleaded guilty to the charged crime, and the matter was adjourned for sentencing.
When the parties returned to County Court for sentencing, a lengthy colloquy ensued regarding, among other things, the minimum period of imprisonment sought by the People and the basis underlying such request. Following an equally lengthy discussion with defendant regarding his alleged association with a known gang member, County Court sentenced defendant to six years in prison followed by five years of postrelease supervision. This appeal ensued.
Defendant's assertion that the sentence imposed is harsh and excessive is precluded by his unchallenged waiver of the right to appeal (see People v Brown, 197 AD3d 1440, 1440 [2021]; People v Perez, 171 AD3d 1309, 1309 [2019]). To the extent that defendant argues that County Court evidenced bias during the course of the sentencing proceeding and/or relied upon erroneous information in imposing sentence, defendant raised no objections in this regard at the time of sentencing and, therefore, such issues are unpreserved for our review (see People v Musella, 148 AD3d 1465, 1467 [2017], lv denied 29 NY3d 1093 [2017]; see generally People v Holmes, 151 AD3d 1181, 1184 [2017], lv denied 29 NY3d 1128 [2017]). Although we are troubled by the colloquy — perhaps better characterized as an interrogation — that occurred between defendant and County Court prior to the imposition of the sentence, we find no evidence of actual bias and, given that the sentence imposed was well below the agreed-upon sentencing cap, we decline defendant's invitation to invoke our interest of justice jurisdiction to reduce the sentence. Accordingly, the judgment of conviction is affirmed.
Egan Jr., J.P., Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.