People v Hammond (2023 NY Slip Op 01551)

People v Hammond

2023 NY Slip Op 01551

Decided on March 23, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 23, 2023

112588
[*1]The People of the State of New York, Respondent,
v
Kenneth Hammond, Also Known as KB, Appellant.

Calendar Date:February 10, 2023

Before:Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ.

Kathy Manley, Selkirk, for appellant.
Letitia James, Attorney General, New York City (Daniel Hughes of counsel), for respondent.

Appeal from a judgment of the Supreme Court (Roger D. McDonough, J.), rendered January 3, 2020 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the second degree and criminal possession of a weapon in the third degree.
Defendant and 18 others were charged in a 308-count indictment involving an alleged conspiracy to distribute heroin and cocaine throughout the Capital Region. In full satisfaction of the 158 counts pertaining to him, defendant was afforded the opportunity to plead guilty to one count each of criminal sale of a controlled substance in the second degree and criminal possession of a weapon in the third degree with the understanding that he would be sentenced — as a second felony offender with a prior violent felony conviction — to prison terms of no more than 15 years upon the drug conviction (followed by five years of postrelease supervision) and 3½ to 7 years upon the weapon conviction, said sentences to run concurrently. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the agreement, and Supreme Court thereafter sentenced defendant to an aggregate prison term of 15 years followed by five years of postrelease supervision. This appeal ensued.
The People concede — and our review of the record confirms — that defendant's waiver of appeal is invalid, as the written waiver contained overbroad language and Supreme Court's brief oral colloquy was insufficient to explain the nature or ramifications of the waiver or otherwise convey to defendant that some appellate review survived (see People v Ford, 210 AD3d 1142, 1142-1143 [3d Dept 2022], lv denied 39 NY3d 1072 [2023]; People v Darby, 206 AD3d 1165, 1166 [3d Dept 2022], lv denied 38 NY3d 1149 [2022]). Accordingly, defendant's challenge to the severity of his sentence is not precluded (see People v Clark, 209 AD3d 1063, 1065 [3d Dept 2022]). However, in light of defendant's extensive criminal history and the highly-advantageous plea agreement, we do not find the sentence imposed, which was within the parameters of the plea agreement, to be unduly harsh or severe (see CPL 470.15 [6] [b]), and we decline defendant's invitation to reduce it in the interest of justice (see CPL 470.15 [3] [c]). To the extent that defendant contends that Supreme Court evidenced bias, this claim is unpreserved for our review (see People v Rennie-Russell, 201 AD3d 1246, 1247 [3d Dept 2022]) and, in any event, is lacking in merit.
Garry, P.J., Egan Jr., Aarons, Fisher and McShan, JJ., concur.
ORDERED that the judgment is affirmed.